## Mangino, Appellant, *v.* Steel Contracting Company.

Argued March 21, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Clyde G. Tempest,* with him *Paul A. Simmons,* and *Tempest & Simmons,* for appellant.

*Charles C. Keller,* with him *Peacock, Keller & Yohe,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1967:

Rule 1030 of the Pa. Rules of Civil Procedure requires that all affirmative defenses including statute of limitations shall be pleaded in a responsive pleading under the heading of "New Matter."

In this action of trespass, even though it appears on the record that the original complaint was never served and appellant did not reinstate her complaint or obtain service on appellee in the time permitted by Pa. R. C. P. 1010, (See *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A. 2d 317 (1961) and *Marucci v. Lippman,* 406 Pa. 283, 177 A. 2d 616 (1962)) and hence the action would be barred by the running of the statute of limitations, it is still necessary to raise that defense in a responsive pleading as required by Pa. R. C. P. 1030. It might appear that our rule imposes an undue burden upon a defendant by denying him the preliminary objection procedure. Nevertheless, it does assure the proper determination of the question of an affirmative defense by requiring a plaintiff to answer and by permitting the issue created thereby to be litigated independently of the merits. This can now be accomplished by invoking Pa. R. C. P. 1035, which became effective May 9, 1966 and, in effect, adopts the motion for summary judgment procedure provided for in the Federal Rules of Civil Procedure. Since our rules now provide an expeditious manner by which all affirmative defenses as set forth in Pa. R. C. P. 1030 may be quickly determined, we see no reason to depart from the requirements of that rule.

The judgment of the court below is vacated and the matter remanded to that court to permit the filing of an answer and new matter.

Mr. Chief Justice BELL, Mr. Justice EAGEN and Mr. Justice ROBERTS dissent.