## Ziemba, Appellant, v. Hagerty.

Argued April 16, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for appellant.

· *Albert G. Feczko, Jr.,* with him *H. Fred Mercer,* and *Mercer & Buckley,* for appellee.

OPINION BY SPAULDING, J., June 13, 1969:

This is an appeal by Frank E. Ziemba, appellant, from an order of the Court of Common Pleas of Allegheny County dismissing his complaint in trespass against appellee Dean Hagerty, upon appellee's preliminary objections.

A review of the complex procedural history of the litigation is necessary for the resolution of this appeal. On February 5, 1964, appellant, then a minor, was involved in an accident while a passenger in an automobile driven by appellee. On February 24, 1966, a writ of summons naming Frank J. Ziemba [father of appellant] plaintiff and appellee defendant was issued. This writ was reissued and a complaint filed on February 5, 1968. Both this writ and the complaint bore the caption "Frank E. Ziemba, a minor, by his parent and natural guardian, Frank J. Ziemba, plaintiff, v. Dean Hagerty, defendant."

On February 28, 1968, appellee filed preliminary objections to the complaint. Briefly stated, the objections were: (1) a motion to strike off the name of Frank E. Ziemba, a minor, on the ground that appellee had not consented to addition of the name and leave of court had not been obtained; (2) a petition alleging that Frank J. Ziemba, having died in 1967, lacked the capacity to sue; and, (3) a demurrer on the ground that the record on its face indicated that the suit was barred by the statute of limitations.

Prior to the ruling on appellee's preliminary objections, appellant moved to amend the complaint and filed an amended complaint naming Frank E. Ziemba, an adult, as the plaintiff. On November 10, 1968, the court below sustained all three preliminary objections

and dismissed the complaint without affording appellant leave to amend. No ruling was made on appellant's motion to amend the complaint.

Appellant's principal contention is that the statute of limitations is an affirmative defense which cannot be raised by preliminary objections. With this view, we agree. Pa. R. C. P. 1030 requires that all affirmative defenses, including the statute of limitations, be raised in a responsive pleading under the heading of "New Matter." In *Mangino v. Steel Contracting Co.*, 427 Pa. 533, 235 A. 2d 151 (1967), the Supreme Court held that the defense of the statute of limitations could not be raised by preliminary objection. *Mangino*, a trespass action in which the running of the statute appeared on the face of the record, is factually identical to the instant appeal and is controlling.

Having found that it was error to consider the statute of limitations by preliminary objection, we must determine what, if any, relief should be afforded appellant. On this question, we find no clear direction from the Supreme Court. In *Mangino*, the Court remanded the record to require the defendant to raise the issue in a responsive pleading and seek adjudication by a motion for summary judgment under Rule 1035. However, in *Will v. Malosky*, 432 Pa. 246, 247 A. 2d 788 (1968), the Court affirmed on the merits a holding on preliminary objections that an action was barred by the statute of limitations. Also, in *Callery v. Blythe Twp. Mun. Auth.*, 432 Pa. 307, 243 A. 2d 385 (1968), the Court considered an affirmative defense on the merits after specifically addressing the question of the proper remedy for failure to comply with Rule 1030: "Nothing is to be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy." 432 Pa. at 311.

384

The reasoning of *Callery* is particularly appropriate to the appeal before us. A remand order would be futile, merely delaying the inevitable unfavorable conclusion of appellant's action. Moreover, on remand the trial court would be required to consider appellant's motion to amend his complaint before reaching the statute of limitations issue. The motion to amend raises complex legal issues and a trial court ruling unfavorable to appellant might force appellee to defend yet another procedural appeal before the limitations question is reached.

Accordingly, we deem it proper for us to consider the merits of the statute of limitations question and find that the court below correctly held that the claim was barred.

The order of the court below is affirmed.