Ziemba, Petitioner, *v.* Hagerty.

Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for appellant.

*Albert G. Feczko, Jr.*, with him *H. Fred Mercer*, and *Mercer & Buckley*, for appellee.

OPINION PER CURIAM, December 15, 1969:

Appellant has petitioned for leave to appeal the decision of the Superior Court. That Court affirmed the judgment of the Court of Common Pleas of Allegheny County, which had sustained appellee's preliminary objections.

The preliminary objections filed in the Court of Common Pleas raised the statute of limitations as a bar to appellant's action.

Rule 1030 of the Pennsylvania Rules of Civil Procedure requires affirmative defenses such as the statute of limitations to be raised as new matter in a responsive pleading. Various prior decisions of this Court have undoubtedly created some confusion in the applicability of that provision of Rule 1030. See, e.g., *Callery v. Blythe Twp. Mun. Auth.*, 432 Pa. 307, 243 A. 2d 385 (1968) ; *Will v. Malosky*, 432 Pa. 246, 247 A.

2d 788 (1968), but cf. *Mangino v. Steel Contracting Company,* 427 Pa. 533, 235 A. 2d 151 (1967), and *Brown v. Hahn,* 419 Pa. 42, 213 A. 2d 342 (1965). The amendment to Rule 1017(b), Pennsylvania Rules of Civil Procedure promulgated by this Court to take effect on September 1, 1969, has resolved this apparent conflict in favor of the view expressed in *Brown v. Hahn,* supra. That Rule permits the raising of the defense of the statute of limitations by preliminary objections only where the statute of limitations is not waivable. Such is not the case here, and the defense must be raised in accordance with the provisions of Rule 1030.

The allocatur is granted; the order of the Superior Court is vacated; the judgment of the Court of Common Pleas of Allegheny County is reversed, and the record is remanded to the latter Court for further proceedings consistent herewith.