Royal Oil & Gas Corporation, Appellant, v.
Tunnelton Mining Company.

Argued March 17, 1971. Before Bell, C. J., Jones, Eagen, O'Brien, Pomeroy and Barbieri, JJ.

*Richard B. Tucker, Jr.,* with him *John P. Papuga, Donald M. Miller, Tucker, Burke, Campbell & Arensberg,* and *Miller and Cope,* for appellant.

*William H. Eckert,* with him *Willis A. Siegfried, Jr., David R. Tomb, Jr., Eckert, Seamans, Cherin & Mellott,* and *Tomb and Tomb,* for appellee.

Opinion by Mr. Justice Jones, October 12, 1971:

This is an appeal from the decree of the Indiana County Court of Common Pleas sustaining appellee's

preliminary objections to appellant's complaint in equity.

Appellant's complaint sought specific performance of a contract to convey coal and mining rights, the reformation of a coal lease agreement and an accounting for royalties on coal mined. After various preliminary objections, an amended complaint was filed to which further preliminary objections were filed consisting, *inter alia,* of a demurrer because (1) the action involved a contract for the sale of land without a sufficient written memorandum under the statute of frauds, Act of March 21, 1772, 1 Sm. L. 389, §1, 33 P.S. §1.; and (2) the action is barred by the statute of limitations, Act of April 22, 1856, P. L. 532, §6, 12 P.S. §83. In sustaining the preliminary objections, it was the opinion of the court below that, "the pleadings indicate that there is a violation of the Statute of Frauds insofar as any agreement is concerned in this case and also that there is a violation of the Statute of Limitations." Because of procedural irregularities, it is necessary to reverse that judgment.

By our past decisions we have clearly held that the statute of frauds provision relating to sales of interests in real estate is a waivable defense which must be raised under Pa. R. C. P. 1030 (new matter) and not under Pa. R. C. P. 1017(b) (preliminary objections). *Goldman v. McShain,* 432 Pa. 61, 247 A. 2d 455 (1968); *Portnoy v. Brown,* 430 Pa. 401, 243 A. 2d 444 (1968); *Brown v. Hahn,* 419 Pa. 42, 213 A. 2d 342 (1965). Likewise, an affirmative defense of the statute of limitations must be pleaded as new matter pursuant to Rule 1030. *Ziemba v. Hagerty,* 436 Pa. 179, 259 A. 2d 876 (1969); *Mangino v. Steel Contracting Co.,* 427 Pa. 533, 235 A. 2d 151 (1967). Accordingly, the appellee erred in raising these defenses by preliminary objections.

However, appellee strenuously urges us to ignore this procedural error and dispose of this appeal on the

merits, especially since appellant never voiced any objection to this procedure in the court below. Faced with this identical situation in *Rufo v. Bastian-Blessing Co.*, 417 Pa. 107, 114, 207 A. 2d 823, 826 (1965), we stated: "Plaintiffs argue on appeal that the statute of limitations is an affirmative defense to be pleaded under new matter rather than by preliminary objection, and that they must be given an opportunity to overcome the pleading of such a defense. It is true that we have held that ordinarily the statute of limitations must be pleaded as new matter pursuant to Pa. R. C. P. 1030. See Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association, 357 Pa. 307, 314, 53 A. 2d 597, 601 (1947). But plaintiffs did not raise any question in the court below of whether defendant's pleading might be defective. Plaintiffs could easily have filed a preliminary objection to defendant's preliminary objection in the nature of a motion to strike because of lack of conformity to law or rule of court under Pa. R. C. P. 1017(b) (2). 2 Anderson Pennsylvania Civil Practice §1017.14. Having failed to do so they may be deemed to have waived any objection to defendant's form of pleading. Pa. R. C. P. 1032, 2A Anderson Pennsylvania Civil Practice §1032.3." *Cf., Yefko v. Ochs*, 437 Pa. 233, 263 A. 2d 416 (1970); *Gallery v. Blythe Twp. Mun. Auth.*, 432 Pa. 307, 243 A. 2d 385 (1968); *Greenberg v. Aetna Ins. Co.*, 427 Pa. 511, 235 A. 2d 576 (1967), *cert. denied*, 392 U.S. 907 (1968). *See, also, Will v. Malosky*, 432 Pa. 246, 247 A. 2d 788 (1968). Although *Rufo* only concerned a statute of limitations defense, the rationale would apply with equal force to any statute of frauds defense that should have been raised under Rule 1030. For this reason, appellee contends that, while both defenses were improperly pleaded, appellant's failure to object precludes our consideration of this irregularity.

However, Rule 1017(b) has been amended since the date of the *Rufo* decision and now reads: "(b) Preliminary objections are available to any party and are limited to: . . . (4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim . . . ." Concomitant amendments to Rules 1030 and 1045 (b) were also promulgated to conform to the change in Rule 1017(b)(4). Since each of appellee's defenses are waivable, *Brown v. Hahn*, 419 Pa. 42, 213 A. 2d 342 (1965) (statute of frauds), and *Leister v. Miller*, 376 Pa. 452, 103 A. 2d 656 (1954) (statute of limitations), these defenses may be raised *only* by new matter in a defendant's answer.

Indeed, in *Ziemba v. Hagerty*, 436 Pa. 179, 259 A. 2d 876 (1969), we reversed the judgment and explicitly dismissed a position identical to appellee's contention which the Superior Court had erroneously adopted even though that plaintiff had not objected to the defendant's preliminary objections. *Ziemba v. Hagerty*, 214 Pa. Superior Ct. 381, 261 A. 2d 342 (1969). "Rule 1030 of the Pennsylvania Rules of Civil Procedure requires affirmative defenses such as the statute of limitations to be raised as new matter in a responsive pleading. Various prior decisions of this Court have undoubtedly created some confusion in the applicability of that provision of Rule 1030. [Citations omitted.] The amendment to Rule 1017(b), Pennsylvania Rules of Civil Procedure promulgated by this Court to take effect on September 1, 1969, has resolved this apparent conflict in favor of the view expressed in Brown v. Hahn, supra. That Rule permits the raising of the defense of the statute of limitations by preliminary objections only where the statute of limitations is not waivable. Such is not the case here, and the defense must

be raised in accordance with the provisions of Rule 1030." 436 Pa. at 180-81, 259 A. 2d at 876.

The decree of the Court of Common Pleas is reversed and the record is remanded for further proceedings consistent herewith. Costs on appellee.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.