## Richman v. Ackmann

*William Wycoff*, for plaintiffs.
*Richard G. Mills, Frank C. Carroll* and *John Miller*, for defendants.

SWEET, *P. J.*, December 31, 1974—This is assumpsit for handmoney on a sale of the Washington Trust Building which never quite concluded. The putative sellers are plaintiffs, and the reputed buyers and the escrow agent are defendants. It seems that handmoney in the amount of $50,000 was put up and then returned by the agent to the buyers when the deal had apparently fallen through. The sellers, claiming that the $50,000 is liquidated damages, have instituted suit for this money and the buyers, Ackmann and Rosenberg, have separately demurred. The real estate escrow agent, York, has not done so.

At the beginning, we are confronted with a subsidiary question of pleading. Defendant, Rosenberg, has in his demurrer a fourth paragraph which alleges some facts and offers some exhibits which are not of record, and also which includes some conclusion of law. The sellers have asked us to strike this paragraph for nonconformity to Pa.R.C.P. 1028(c) and we do so.

Examining the preliminary objection as thus truncated, we find that the matter turns on the nature of the statute of frauds. The appropriate Rule of Civil Procedure, No. 1017(b)(4), reads as follows:

"Preliminary objections are available to any party and are limited to . . . a demurrer which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim."

Goodrich-Amram says:

"In Royal Oil & Gas Corp. v. Tunnelton Mining Co., 444 Pa. 105, 282 A (2d) 384 (1971), the court

held that the provisions of the 1969 amendment are mandatory and are not merely a procedural provision which can be waived by the failure to object preliminarily. As a result, the court may not rule on a waivable defense of the statute of frauds or the statute of limitations, if raised by preliminary objections, even if both parties agree it may do so.'': Rule 1017, 1975 Supp. 1 and 2, p. 234.

Holzer v. Masters, 55 D. & C. 2d 166, 54 Westmoreland 69 (1972), says that these things must be pled per Rule 1030 as an affirmative defense and not as a matter of preliminary objection. The fact that defendant, Rosenberg, in his fourth item of demurrer was forced to set forth a good many facts in attached exhibits illustrates that this is the stuff of which answers are made rather than preliminary objections.

That the matter involved is one of the waivable aspects of the statute of frauds is made fairly clear by reading of Royal Oil, supra. That opinion says, in part:

"By our past decisions we have clearly held that the statute of frauds provision relating to sales of interests in real estate is a waivable defense which must be raised under Pa.R.C.P. 1030 (new matter) and not under Pa.R.C.P. 1017(b) (preliminary objections). [Citing cases] Likewise, an affirmative defense of the statute of limitations must be pleaded as new matter pursuant to Rule 1030. [Citing cases] Accordingly, the appellee erred in raising these defenses by preliminary objections. . . Although Rufo only concerned a statute of limitations defense, the rationale would apply with equal force to any statute of frauds defense that should have been raised under Rule 1030. . . Since each of appellee's defenses are waivable, Brown v. Hahn, 419

Pa. 42 . . . (statute of frauds), and Leister v. Miller, 376 Pa. 452 . . . (statute of limitations) these defenses may be raised only by new matter in a defendant's answer."

It seems pretty clear from the foregoing that we should overrule these preliminary objections and direct defendants to answer within 20 days. We will be in a better procedural position to come to grips with factual matters which underlie this cause of action.

## DISSENTING OPINION

DiSALLE, *J.*, January 13, 1975—I dissent. It seems to me that a close reading of plaintiffs' complaint clearly evidences the fact that no agreement or contract was ever concluded between the parties. The complaint is obviously very carefully drawn, and it studiously avoids alleging that a contract was ever finalized. Paragraph 10 fully demonstrates this. It says that the parties met and orally agreed that Stephen I. Richman would prepare a written memorandum to be circulated among the parties. Paragraph 11 alleges that the written memorandum was reviewed and that changes were to be made in it. Further, that a final draft would be prepared which was to be delivered to defendants, Rosenberg and Ackmann. The memo accompanying the final drafts specifically states that they are submitted for "your final review." In my judgment, the entire thrust of the complaint is directed to the fact that the parties fully intended that a written agreement, evidencing the complete understanding of the parties, would be prepared and signed by all concerned. In my view, this was never done and, therefore, there was no contract between the parties.

Accordingly, all of the subsequent averments of the complaint, which obviously presuppose that a contract was entered into, must fall. This would include the provision of the "contract" which calls for the payment of the $50,000 in escrow.

In the case of Upsal Street Realty Company v. Rubin, 326 Pa. 327, 192 Atl. 481 (1937), the Supreme Court said this: "This court has recognized a distinction between 'proposed understandings' and a 'concluded agreement.' In Vitro Mfg. Co. v. Standard Chemical Co., 291 Pa. 85, 139 A. 615, we said: 'It is evident from this correspondence that the parties were negotiating to buy and sell, and that each set of letters refers only to proposed understandings which were to be concluded in the future; whereas, if a right of recovery is to be shown, the terms of a concluded agreement must appear.' In the case at bar all the important terms of a concluded agreement do not appear.

". . .

"In Lyman v. Robinson, 14 Allen (Mass) 242, 254, it was aptly said: 'Care should always be taken not to construe as an agreement letters which the parties intended only as a preliminary negotiation.' See Moulton v. Kershaw et al., (Wis.), 18 N. W. 172."

On the other hand, if the complaint can fairly be read to allege that an agreement was concluded, then it is clearly subject to the statute of frauds. The Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A PS §8-319 provides specifically that a contract is not enforceable unless there is some writing signed by the party against whom enforcement is sought. It is clear from the complaint that no such writing was ever signed and delivered to plaintiffs. I would sustain the preliminary objections.