366 A.2d 882

**Frances LAMP, Appellant,**

**v.**

**Alvin S. HEYMAN et al., Appellees,**

**and**

**Beaver Valley Motor Coach Company and Clarence Robbins, Additional Appellees.**

Supreme Court of Pennsylvania.

Argued March 9, 1976.

Decided Nov. 24, 1976.

468

Louis M. Tarasi, Jr., Conte, Courtney, Tarasi & Price, Pittsburgh, for appellant.

Robert E. Kunselman, Reed, Sohn, Reed & Kunselman, Beaver, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

In this case we are directly confronted for the first time with the important question of whether, in Pennsylvania practice, a plaintiff, whose attorney files a praecipe for a writ of summons to commence an action within the time period permitted by the statute of limitations, instructs the prothonotary to issue the writ but not deliver it to the sheriff for service, and then has the writ reissued and served after that time period has expired, is barred by the statute of limitations from continuing the action.

On September 1, 1967, plaintiff-appellant Frances Lamp allegedly was injured when her car was struck from the rear by a truck driven by defendant-appellee Heyman. On August 28, 1969, within the two-year period permitted by the statute of limitations for the bringing of an action to recover damages for injury wrongfully done to the person,[1] her attorney filed in the Court of Common Pleas of Beaver County a praecipe for a writ of summons in trespass against the defendants, but because of his instructions to the prothonotary the writ was not delivered to the sheriff's office and consequently was not

[1] See Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34.

served.[2]  On April 9, 1970, a praecipe for the reissuance of the writ was filed together with a complaint endorsed with the notice to plead.  Again no service was effectuated, and this time the record does not indicate the reason. On June 4, 1970, another praecipe for reissuance was filed, and service was finally effectuated on June 19, 1970.  Subsequently, defendants filed preliminary objections in which they asserted that the original summons was a "nullity" because of plaintiff's "issue and hold" instructions to the prothonotary, and that the action was therefore not brought within the two-year period provided by the statute of limitations.  The defendants also filed a complaint against additional defendants, who then filed an answer and new matter raising the statute of limitations as a defense.  The plaintiff replied to this new matter and admitted that the "issue and hold" instructions had been given to the prothonotary.  On February 16, 1974, the trial court sustained the original defendants' preliminary objection in the nature of a demurrer and entered judgment for the defendants.[3]  On direct appeal the Superior Court affirmed in a per curiam order without opinion.  *Lamp v. Heyman*, 231 Pa.Super. 776, 331 A.2d 553 (1975).  We granted allocatur.

■  Initially, we observe that under Rule 1030 of the Pennsylvania Rules of Civil Procedure the bar° of the statute of limitations is instantly an affirmative defense to be raised as new matter in a responsive pleading, as was done by the additional defendants, not by means of preliminary objections in the nature of a demurrer.

**2.**  Handwritten on the praecipe were the words "Issue & Hold." There is no question that the attorney was responsible for the writ not being served.  In a responsive pleading to new matter subsequently raised by additional defendants in the case, appellant admitted that her counsel gave the "issue and hold" instructions to the prothonotary; she further acknowledges this in the history of the case contained in her appellate brief.

**3.**  Oral argument on the preliminary objections was held on December 21, 1971.  The record does not indicate why the court's ruling was delayed for more than two additional years.

Compare Pa.R.C.P. 1017(b)(4), not here applicable. See *Royal Oil & Gas Corp. v. Tunnelton Mining Co.,* 444 Pa. 105, 282 A.2d 384 (1971); *Ziemba v. Hagerty,* 436 Pa. 179, 259 A.2d 876 (1969). Since, however, appellant has not objected to the issue being raised by way of preliminary objections either in the trial court or on appeal, and since the additional defendants did raise the issue as new matter and appellant then admitted the underlying factual allegation, we proceed to a determination of whether appellant is indeed barred by the statute of limitations from continuing her action. Cf. *Yefko v. Ochs,* 437 Pa. 233, 236, n. 1, 263 A.2d 416 (1970); *Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968).

Pa.R.C.P. 1007 in pertinent part provides: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons. . . ." This Court has repeatedly held that, pursuant to this rule, the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations and that, although Pa.R.C.P. 1009(a) provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa.R.C.P. 1010(a), be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid reissuance gives rise to a new equivalent period during which the writ may again be reissued. See, e. g., *Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620 (1970); *Salay v. Braun,* 427 Pa. 480, 235 A.2d 368 (1967); *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A. 2d 317 (1961). Thus, in the instant case, it is clear that if appellant validly commenced her action so as to toll the running of the statute when she filed her praecipe on August 28, 1969, her action is not barred by the statute of limitations, since she effectuated service of a writ reissued well within two years from both the date when she filed her original praecipe in August and the date

when she had the writ reissued the following April. The trial court, however, in sustaining appellees' preliminary objections held that appellant nullified her apparent commencement of the action by the "issue and hold" instructions her attorney gave the prothonotary, since these instructions had the deliberate effect of frustrating timely notice to appellees that an action had been brought against them.

We note that it has become a relatively common practice throughout the Commonwealth for attorneys to file a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service upon the defendant. Depending upon the process obtaining in a particular county, this can be accomplished by instructing either the prothonotary or the sheriff to hold the writ, by personally retaining the writ and not delivering it to the sheriff for service, or by neglecting to pay the sheriff his fee. It is clear that the various courts which have been presented with the question have reflected a wide division over whether such action, or inaction, on the part of the plaintiff should be deemed to nullify the effect of the original filing. See generally *Brua v. Bruce-Merrilees Electric Co.*, 63 Pa.D. & C.2d 652 (1973), and cases cited therein; 1 Goodrich-Amram, Standard Pennsylvania Practice, § 1007.3 (Supp.1976). The consequence of such division has unfortunately been to undermine the uniformity of practice and the predictability of result envisioned by this Court when it promulgated Rule 1007.

Pa.R.C.P. 127 sets forth the following provisions pertinent to the construction of Rule 1007:

"(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

"(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit."

Applying these standards to Rule 1007, we conclude that neither the language of the rule nor our decisions interpreting it permit us to hold that appellant's "issue and hold" instructions to the prothonotary upon filing her praecipe nullified the commencement of her action and caused it to be barred by the statute of limitations. We accordingly reverse.

■■  The language of Rule 1007 is clear and unambiguous; it does not admit of qualification in an effort to ascertain its spirit.[4] Indeed, its underlying purpose has been to provide certainty as to the commencement of an action and to remove a subsequent failure to effect service from consideration in determining whether the statute of limitations has been tolled. In the words of one authoritative commentator:

"Under the prior practice, there were differences of opinion respecting the date when an action has been 'commenced' by the plaintiff within the meaning of the Statutes of Limitation. The alternatives included (1) the date the plaintiff filed his praecipe; (2) the date the prothonotary prepared and issued the writ; (3) the date the writ was delivered to the sheriff for service.

"Rule 1007(1) clarifies any doubts with respect to the prior law. The action is 'commenced' by 'filing with the prothonotary a praecipe . . .'. *This makes it clear that this action by the plaintiff is all*

4. It is clear that in stating that an action *may* be commenced by filing a praecipe with the prothonotary, the rule does not make the commencement conditional; rather it indicates that the filing of the praecipe is one of three alternative methods enumerated in the rule for commencing an action.

*that is required of him.* Failure of the prothonotary to issue the writ, *failure of the plaintiff to pick the writ up,* or failure of the sheriff to receive the writ for service are all irrelevant, so far as tolling the statute is concerned. By the mere filing of the praecipe, the action has been 'commenced.' " [Footnotes omitted.] [Emphasis supplied.]

1 Goodrich-Amram, Standard Pennsylvania Practice, § 1007.3 at 22.

In *Salay v. Braun,* supra, 427 Pa. at 484–85, 235 A.2d at 371, we described the nature and scope of the rule in the following terms:

"Rule 1007, Pa.R.C.P. [12 P.S. Appendix], specifically provides that the action is 'commenced' when the praecipe is filed, irrespective of whether the prothonotary issues the writ or the sheriff serves it. This is the deliberate intent of the rule, to free the plaintiff from the risk that the statute of limitations may bar him if *he* acts in time, but *someone else* fails to act in time.

\*     \*     \*     \*     \*     \*     \*     \*

"The Rule in Pennsylvania has always permitted a plaintiff (even under the alias and pluries writs of the old practice) to commence an action and keep it alive until he suddenly serves the defendant. See *Zoller v. Highland Country Club,* 191 Pa.Super. 207, 156 A.2d 599 (1959). But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution." [Emphasis in original.]

In its opinion sustaining appellees' preliminary objections, the trial court in the instant case cited our observation in *Salay* that the intent of the rule is to protect a plaintiff who acts in time though someone else does not, and it concluded from this that its purpose is not to protect a plaintiff who deliberately prevents the writ from

being served. This is not the purpose of the rule, but *Salay* made it clear that a plaintiff who filed his praecipe in time acted in time to toll the statute, and that the remedy for a defendant prejudiced by the plaintiff's abuse of the rule was not in the statute of limitations, but in the non-pros doctrine.

Appellees, however, point to *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A.2d 577 (1969) as authority for the proposition that this Court has specifically ruled a hold order by the plaintiff which prevents service of the writ makes the filing of the praecipe a nullity for the purpose of tolling the statute of limitations. We disagree, but since some of the language in *Peterson* is susceptible of such an interpretation, we find it necessary to offer a clarification.

In *Peterson* the plaintiff filed her praecipe against three defendants ten days before the time permitted by the statute would have expired, but she instructed the sheriff to hold the writ directed toward one of the three, Valley. Consequently Valley was never served pursuant to process issued by the plaintiff, but it was subsequently brought into the case by one of the other defendants. Three and a half years after the filing of the original praecipe, Valley petitioned the trial court to remove it from the case as an original defendant, and the court granted the petition.

On appeal a majority of this Court agreed with the trial court that the original *summons* was a "nullity," as it plainly was, since, because of the plaintiff's instructions to the sheriff, the writ expired without service being effectuated. But neither this Court nor the court below held that the *praecipe* or the commencement of the action with respect to Valley was a nullity, although, in support of its holding that the summons was a nullity, the opinion of the majority cited and quoted with approval from two Mercer County cases—*Bittler v. Rocco Bono Equipment Rentals*, 38 Pa.D. & C.2d 458 (1966)

and *McCrystal v. Berczel*, 8 Mercer L.J. 75 (1965)—which did conclude that a hold order to the prothonotary nullified the commencement of the action. That this Court did *not* hold in *Peterson* that the plaintiff's instructions to the sheriff nullified the commencement of the action is made clear by subsequent language in the opinion:

"In *Salay v. Braun* [supra], we recognized . . . that the right in a plaintiff to keep an action alive until service can be made on a defendant was not absolute for any particular period of time: It 'has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution'.

"Plaintiff here could have caused the reissuance of the writ at any time until September 9, 1966, two years from the filing of the original praecipe, but chose not to do so. Having caused the original writ to be held and not served, *and* having failed to reissue it within the time allowed by our decisions, there was no right in the plaintiff to keep Valley on the record as a named defendant." [Emphasis supplied.]

435 Pa. at 241–42, 255 A.2d at 582.

Thus, the plaintiff in *Peterson* was barred by the statute of limitations *not* because she failed to commence her action against Valley within the requisite two-year period, but because she failed to have her unserved writ reissued during the subsequent period permitted by law.[5]

5.   The Court in *Peterson* summarized its holding as follows:
     "In summary, Valley was properly removed from the record in this case as an original defendant because, first, it had never been served with process due to plaintiff's own instructions, *and* second, even if there was no deliberate failure to prosecute, the time for the reissuance of the writ, as established by the decisions of this court, had expired." [Emphasis supplied.] 435 Pa. at 243, 255 A.2d at 503.
     Again, the two reasons enumerated for the holding were presented as alternatives, and so, clearly, the plaintiff's instructions to the sheriff did not in themselves bar her under the statute of limitations. Plainly, the language quoted about unreasonable delay in prosecution relates back, not to the avail-

■ Our decision in *Peterson* was filed on June 27, 1969. Appellant in the instant case filed her praecipe with "issue and hold" instructions on August 28, 1969. For the reason stated above, we believe appellant and her attorney were entitled to rely on *Peterson* for the proposition that the mere filing of the praecipe in trespass, even if the plaintiff deliberately delayed service, was sufficient to toll the running of the statute of limitations for an additional two-year period. Since she subsequently effectuated service well within this additional period, she is consequently not barred by the statute of limitations from pursuing her action. This, however, does not preclude relief to appellees under the non-pros doctrine if the trial court should find, after an appropriate hearing, that appellant unreasonably delayed the prosecution of her action and that appellees were prejudiced thereby. See *James Brothers Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968); *Gallagher v. Jewish Hospital Ass'n of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967).

Nevertheless, we now conclude that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims,[6] and with that underlying our court rules of making the processes of justice as speedy and efficient as possible.[7] Ac-

ability of the statute-of-limitations defense, but to that of the non-pros remedy.

6. See *Schmucker v. Naugle*, 426 Pa. 203, 231 A.2d 121 (1967); *Ulakovic v. Metropolitan Life Insurance* Co., 339 Pa. 571, 16 A.2d 41 (1940).

7. See especially Pa.R.C.P. 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.") and

cordingly, we believe that the rule must now be qualified, but prospectively in fairness to plaintiffs who have relied on the language of Rule 1007 and our previous interpretations of it. Cf. *Anderson v. Bernhard Realty Sales Co., Inc.*, 230 Pa.Super. 21, 329 A.2d 852 (1974) (concurring opinion, Spaeth, J.). Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i. e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.[8] Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff

Pa.R.C.P. 1009(a) (Writs shall be served by the sheriff within thirty days of filing or issuance.). See also Rule of Judicial Administration 1901.

8. If any plaintiff who, having filed a praecipe to institute an action, is presently engaged in such a course of conduct and thereby preventing or delaying service of notice of suit upon a defendant, and he subsequently fails to remove within ninety days of the date of this decision whatever bar to service he may have erected, he shall be deemed to have nullified the commencement of his action.

is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. Cf. Pa.R.C.P. 1009.

The order of the Superior Court in this case is reversed, and the case is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

ROBERTS, J., filed a dissenting opinion in which POMEROY and NIX, JJ., join.

POMEROY, J., filed a dissenting opinion in which ROBERTS and NIX, JJ., join.

POMEROY, Justice (dissenting).

The Court today holds that our present rules of Civil Procedure,[1] by providing for the commencement of actions by the filing of a praecipe for a writ of summons and for the reissuance of unserved writs, permit a plaintiff to toll the statute of limitations[2] indefinitely merely by filing a praecipe for a writ and that it matters not that service of the writ upon the defendant is intentionally prevented by the plaintiff himself.

Under this interpretation a plaintiff may not only commence an action without any attempt to notify the defendant that a suit is pending but also can keep the ac-

---

1. Of primary relevance are Rules 1007, 1009, and 1010 of our Rules of Civil Procedure (Pa.R.C.P.). Rule 1007 provides that an action may be commenced, among other ways, by the filing with the prothonotary of a praecipe for a writ of summons. Rule 1009 deals with service of process and provides in pertinent part that the "[t]he writ . . . shall be served by the sheriff within thirty (30) days after issuance . . . ." In the event that the writ is not so served, Rule 1010(b) provides that the writ may be reissued "at any time and any number of times" and Rule 1010(d) provides that the reissued writ shall be served by the sheriff within thirty (30) days after reissuance.

2. The applicable statute of limitations is the Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34. It provides in pertinent part that "[e]very suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards. . . ."

tion alive for years—theoretically forever—without the defendant having any awareness that he had been sued. I cannot accept a construction of our Rules which would cloak with legitimacy a practice so contrary to normal ideas of fairness, to the policy behind statutes of limitations and to ideas of sound judicial administration. Recognizing the inherent unsoundness of the result it reaches, the Court takes immediate remedial action, which I applaud, by decreeing a different practice for the future. I am constrained to say, however, that in my view the Court errs seriously in its holding that our present rules and the case law construing them dictate the decision here rendered. Since some of my reasons for this view are not included in Mr. Justice ROBERTS' opinion, which I join, I add this supplemental statement.

I agree completely with Mr. Justice ROBERTS that our decision here should be controlled by *Peterson v. Philadelphia Suburban Transportation Company*, 435 Pa. 232, 255 A.2d 577 (1969). We there flatly stated that "The court below was correct in concluding that 'the "hold" order by Plaintiff on the summons . . . makes the summons a nullity.' " 435 Pa. at 240, 255 A. 2d at 582. In light of the explicitness of this and related language in our opinion, it is difficult to understand how the Court can now state that *"even if the plaintiff deliberately delayed service,"* he was "entitled to rely on *Peterson* for the proposition that the mere filing of the praecipe in trespass . . . was sufficient to toll the statute . . ." Opinion of the Court, *ante* at 888.[3]

---

**3.** In *Peterson* there was, to be sure, an alternative ground of decision. The plaintiff had not had the original writ of summons reissued as to the unserved defendant within the period required by our decision in *Zerlinsky v. Laudenslager*, 402 Pa. 290, 295, 167 A.2d 317, 320 (1961). Thus, even if the "hold" order on the original writ had not nullified the filing of the praecipe, the plaintiff's action against the unserved defendant would have become barred two years from the date of filing the original praecipe. The discussion in *Peterson* of the latter ground, 435 Pa. at 241–43, 255 A.2d at 582–83, however, contrary to what the majority now seems to suggest, was not at all intended to weaken our

(My emphasis). In my view *Peterson,* properly read, requires exactly the opposite result.[4]

Reading Rule 1007 in conjunction with the directive of Rule 1009 that writs of summons *"shall* be served," [5] and construing both rules "liberally . . . to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable," compels the conclusion which I think *Peterson* announced, namely, that a praecipe for a writ of summons is effective to commence an action if, but only if, the plaintiff does not, as the Court aptly puts it, "stall in its tracks the legal machinery he has just set in motion." Opinion of the Court, *ante* at 888–889. Although the Court accepts this construction only for the future, it is altogether consist-

holding on the first ground that the placing of the "hold" order on the writ rendered nugatory the commencement of the action by the filing of the praecipe naming the deliberately unserved defendant. As we concluded in *Peterson,* "[the unserved defendant] was properly removed from the record in this case as an original defendant because, first, it had never been served with process due to plaintiff's own instructions, and second, *even if* there were no deliberate failure to prosecute, the time for the reissuance of the writ, as established by the decisions of this court, had expired." 435 Pa. at 243, 255 A.2d at 583. (My emphasis).

4. I would similarly so rule in cases in which, instead of instructing the sheriff to hold the writs of summons, as in *Peterson* and the case at bar, the plaintiffs simply did not deliver their respective writs to the sheriff. This was the situation in *Anderson v. Bernhard Realty Sales Co., Inc.* and *Reid v. Southeastern Penna. Transportation Authority,* also decided today on the authority of the instant decision, 469 Pa. 488, 366 A.2d 894 (1976). The effect of the inaction in such cases was the same as that of placing a "hold" order on the writs. Personal service, the means by which jurisdiction over the person of a defendant is generally obtained, was not made because the respective plaintiffs chose that it not be made; the defendants in *Anderson* and *Reid,* no less than the instant defendants, were thereby deprived of notice that an action had been commenced against them and were denied the opportunity to rule the plaintiffs to file a complaint, *see* Pa.R.C.P. 1037, and otherwise to seek to move the suits to a speedy conclusion.

5. Pa.R.C.P. 131 provides:
   "Rules or parts of rules are in pari materia when they relate to the same proceedings or class of proceedings. Rules in pari materia shall be construed together, if possible, as one rule or one chapter of rules."

ent both with the law as it stood prior to 1947, when the Rules of Civil Procedure took effect,[6] and with the purpose of the omission from Rule 1007 of a service requirement as a precondition to commencement of an action. *See* Pa.R.C.P. 127(c)(3), (4), (5). In *Salay v. Braun*, 427 Pa. 480, 484, 235 A.2d 368, 371 (1967), we observed, speaking through Mr. Justice EAGEN, that service was deliberately not made such a prerequisite in order "to free the plaintiff from the risk that the statute of limitations may bar him if *he* acts in time, but *someone else* fails to act in time." Thus, our Rules were structured as they are in order to protect the plaintiff who files his praecipe within the period of limitations, but whose writ is served after the period has expired. Likewise, the Rules were designed to afford protection to the plaintiff who files his praecipe in time but whose writ is not issued, is not served, or is returned unserved through no fault of his own. In such cases the action has been commenced, and may be kept alive by reissuance of the writ pursuant to Rule 1010 within a period equal to the original period of limitations applicable to the action. See *Zarlinsky v. Laudenslager*, 402 Pa. 290, 295, 167 A.2d 317, 320 (1961).[7] But I can perceive no legitimate pur-

6. In *Mayo v. James Lees & Sons Co.*, 326 Pa. 341, 342, 192 A. 459 (1937), the prior rule was stated as follows:
   "A plaintiff, to keep his cause of action alive, must act by causing a *summons to issue* within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute."

7. Rule 1010 does not place a limit upon the time within which an unserved writ of summons may be reissued, but in *Zarlinsky v. Laudenslager, supra,* this Court held that "a writ of summons may be reissued only for a period of time which, measured from the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action." 402 Pa. at 295, 167 A.2d at 320. Thus, in personal injury cases, unserved writs must be reis-

pose to be served in so construing our Rules as to permit a plaintiff (or a defendant in a third party proceeding) who has filed his praecipe for a writ in time to toll the statute of limitations, then with impunity by his own unilateral and often unannounced action or inaction to place the case in a suspended status, awaiting reactivation at the plaintiff's pleasure.[8]

The majority opinion asserts, without any basis in the record, that this has become "a relatively common practice throughout the Commonwealth." It is suggested by appellant that by withholding of service, settlement negotiations and investigation of facts in complicated cases are facilitated. The argument not only overlooks the mandate of Pa.R.C.P. 1009 that service shall (if possible) be made within 30 days, but is quite unconvincing otherwise. Service is not a step which compels a lawsuit to proceed immediately and inexorably to a full scale legal battle by ruling out investigative and settlement activities, nor does service mean that costs and legal fees are necessarily escalated. In addition to being a prerequisite to investing a court with personal jurisdiction over the defendant, service of process has as its purpose notice to the named defendant that he has been brought into court as a party in a lawsuit and must take appro-

sued at intervals not exceeding two years in order to keep the action alive. This action the plaintiff must take "to protect the efficacy of a writ of summons issued but not served." *Id.* at 294, 167 A.2d at 319. In the case before us this was done.

8. While it is true, as the Superior Court plurality pointed out in *Anderson v. Bernhard Realty Sales Co.*, 230 Pa.Super. 21, 25, 329 A.2d 852 (1974) and as we observed in *Peterson*, 435 Pa. at 242, 255 A.2d 577, and in *Salay v. Braun*, 427 Pa. 480, 485, 235 A.2d 368, 371 (1967), that defendants possess the remedy of *non pros* as protection against a plaintiff's unreasonable delay in prosecuting an action, this is hardly an adequate remedy in cases of this sort; the defendant, who may not even be aware of the pendency of the suit until served, should not have the burden of going forward to demonstrate that the lapse of time in prosecuting the suit has been unreasonable or prejudicial as to him in a case where the statutory period of limitation has run prior to the delayed service. *Cf.* Pa.R.J.A. No. 1901.

priate steps in defense. Unless he has validly waived notice, anyone against whom the heavy hand of litigation is raised is entitled to no less.

For the reasons stated, I would affirm the order of the Superior Court.

ROBERTS and NIX, JJ., join in this dissenting opinion.

ROBERTS, Justice (dissenting).

I dissent. In my view appellant's claim is barred by the statute of limitations.

The accident out of which this case arises occurred on September 1, 1967. On August 28, 1969, within the applicable two year statute of limitations, appellant's counsel filed a praecipe for writ of summons in trespass as provided by Pa.R.Civ.P. 1007, contrary to the mandate of rule 1009 ("The writ . . . shall be served by the sheriff. . . .") counsel directed that the writ not be served. Service on a re-issued writ was first made on the defendant on June 19, 1970, more than 33 months after the accident. Notwithstanding appellant's willful disregard for the mandate of rule 1009, the majority allows the original writ, unserved at appellant's direction, to effect a tolling of the statute of limitations.

The majority concludes:

"neither the language of the rule nor our decisions interpreting it permit us to hold that appellant's 'issue and hold' instructions to the prothonotary upon filing her praecipe nullified the commencement of her action and caused it to be barred by the statute of limitations."

In my view, this is incorrect.

This action is controlled by *Peterson v. Philadelphia Suburban Transportation Company*, 435 Pa. 232, 255 A. 2d 577 (1969). In *Peterson*, plaintiff filed a praecipe for writ of summons naming A, B, and C defendants. A and B were duly served but the plaintiff, as here, direct-

ed that the summons for C be held and not served. After the statute of limitations had expired B sought to join C as an additional defendant.

This Court held that C was properly removed from the record as a original defendant because it had not been served with process due to the plaintiff's own instructions, and because the time for reissuance of the writ had expired. In so concluding Mr. Justice Pomeroy stated for the majority:

"The court below was correct in concluding that 'The "hold" order by Plaintiff on the summons naming Valley as a defendant makes the summons a nullity.' In so holding the court reached the same conclusion as the Court of Common Pleas of Mercer County had reached in two similar cases: *Bittler v. Rocco Bono Equipment Rentals*, 38 Pa.D. & C.2d 458 (1966), and *McCrystal v. Berczel*, No. 82 June Term, 1964 (apparently not reported). Judge Stranahan in the former case quotes Judge McKay in the latter case as follows: 'However, when the plaintiff went further and notified the Prothonotary to hold the praecipe, in effect they *nullified* their action in filing it. In other words, while purporting to commence an action, they expressly prevented the commencement of it by simultaneously stopping and thereby *nullifying* the effect of their praecipe.' We agree entirely with this conclusion."

435 Pa. at 240, 255 A.2d at 582.

The majority seeks to distinguish the *Peterson* case asserting that the plaintiff there was barred not because she failed to commence her action within the two year period but because she failed to have the unserved writ reissued. In this way the majority attempts to recast the decision in *Peterson* to rest exclusively on the failure to reissue. It is apparent, however, from the concluding

paragraph of the majority opinion in *Peterson* that the decision rested on both grounds:

"In summary, Valley was properly removed from the record in this case as an original defendant because, first, it had never been served with process due to plaintiff's own instructions, and second, even if there was no deliberate failure to prosecute, the time for reissuance of the writ, as established by the decisions of this court, had expired."

Even more significant is the sound logic supporting our resolution of this issue in *Peterson*. The purpose of a writ of summons is twofold: (1) it enables the court to obtain jurisdiction over the defendant who is served, and (2) it gives the defendant notice that he is before the court and must prepare to defend an action. To allow a plaintiff to obstruct service of the writ frustrates each of these objectives. Our rules of civil procedure in no way contemplate or intimate that a plaintiff can have a writ of summons issued and then prevent its service.* If the plaintiff does not make a good faith effort to have the writ served in accordance with the mandate of the rules the issuance of the writ is, as the Court held in *Peterson*, a nullity.

This reasoning—that an affirmative act to prevent service nullifies the issuance of the writ and does not toll the statute of limitations—is supported by a host of trial court decisions. See *Bittler v. Rocco Bono Equipment Rentals*, 38 Pa.D. & C.2d 458 (1966); *McCrystal v. Berczel*, 8 Mercer L.J. 75 (1965); *Krout v. Anchor Motor Freight*, 81 York L.R. 131 (1967); *Howell v. Fleck*, 5

---

* Of course where the writ cannot be served, or is not served, through no fault of the plaintiff the action is commenced and the statute is tolled. This, however, is not such a case. See 1 Goodrich Amram 2d § 1007:3 at 466–67. The distinguishing factor in these cases is whether the failure to have the writ served is attributable to the plaintiff. If it is, the writ is a nullity. If, however, the plaintiff has acted diligently to have the writ served and either through a mistake by the sheriff or prothonotary, or because of the inability to locate the defendant, the writ is not served the statute is tolled.

Butler L.J. 155 (1970); *Augermier v. Hammer*, 64 Lanc.L.Rev. 287 (1974); *Bobiak v. J. C. Penney Co.*, 68 Schuy.L.R. 134 (1972); *Sprague v. Pumphrey*, 29 Som. L.J. 202 (1974); *Texter v. Guiden*, 15 Leb.L.J. 87 (1974); *Ellis v. Danielson*, 4 Butler L.J. 326 (1967); but see *Yupcavage v. Mackovy*, 68 Schuy.L.R. 128 (1972); *Belas v. Melanovich*, 31 Beaver L.J. 108 (1971). The majority of the trial courts which have considered the question have clearly recognized that to allow a party to issue a writ and order it held frustrates both the letter and the policy of our rules.

The majority cites Goodrich Amram for the proposition that the action is commenced by the filing of the praecipe without further action by the plaintiff. In the usual case this is true. However, Goodrich Amram goes on to state:

> "A praecipe filed with the prothonotary, with instructions to 'hold it' and not to issue a writ, is a nullity so far as tolling the statute of limitations is concerned. It has also been held that an instruction to the prothonotary to 'hold' the writ after issuance, followed by no delivery of the writ to the sheriff for service, nullifies the proceedings and does not toll the statute. Where P issues a writ of summons and directs the sheriff to 'hold' it, so that the writ is never served and is never reissued, the writ is a nullity. The 'hold' order is a nullification of the filing of the praecipe."

1 Goodrich Amram 2d § 1007:3 at 468–69 (1976) (footnotes omitted).

It is manifestly unjust to defendants, and a misreading of our rules, to hold that the clandestine filing of a praecipe for writ of summons marked "hold" or "don't serve" tolls the statute of limitations. The majority's result today is a departure from our rules, from a prior decision by this Court on the issue, from the bulk of existing case law throughout the state, from the statement of

488

the leading authority on Pennsylvania procedure and from sound reasoning and justice.

I dissent and would affirm the order of the Superior Court.

POMEROY and NIX, JJ., join in this opinion.