## Evans v. Hart

*Michael J. Macko,* for plaintiff.
*Joseph M. George,* for defendant.

FRANKS, *J.,* June 2, 1987 — Plaintiff, Mary Evans, filed a praecipe for writ of summons in a civil

action with the prothonotary of Fayette County of September 11, 1984. The writ of summons was submitted to the sheriff of Fayette County on the same date. However, plaintiff did not give the prothonotary or the sheriff any instructions to serve the writ of summons, and the writ of summons was not served upon the defendant, Frank Hart. The statute of limitations on plaintiff's claim ran on September 12, 1984. No further action was taken by the plaintiff until January 29, 1985, when a praecipe to reissue the writ of summons, dated January 29, 1985, was filed on January 30, 1985. On the latter date, the prothonotary reissued the writ of summons, and plaintiff delivered instructions dated January 29, 1985, to sheriff. On February 5, 1985, the within defendant was served with plaintiff's reissued writ of summons. Defendant has filed a motion for summary judgment averring that the present action is barred by the statute of limitations. For the reasons hereinafter set forth, defendant's motion for summary judgment is hereby granted.

Defendant contends that summary judgment should be granted because, although the praecipe for writ of summons was filed within the period of the applicable statute of limitations, plaintiff's instructions to the sheriff were not delivered pursuant to the writ of the sheriff for service. The reissued writ and its accompanying complaint were likewise not effectuated, and service was not had upon the defendant until after the two-year statute of limitations period had expired. Plaintiff contends that the defendant is not entitled to summary judgment because plaintiff had no knowledge of the whereabouts of defendant at the time of the filing of the complaint. Therefore, plaintiff contends that submitting instructions to the sheriff without any address for service would have been a useless act.

Plaintiff contends, therefore, that she did all affirmative acts reasonably required in this situation.

This case is controlled by the decision of *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). In *Lamp,* the Pennsylvania Supreme Court stated that a writ of summons would remain effective to commence an action, provided that the plaintiff refrained from any course of conduct "which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp* at 478, 336 A.2d at 889. The *Lamp* decision stated that the plaintiff in a case should comply with local practice with regard to the new rule it set forth.

Unfortunately, the present case is barred by the statute of limitations. One day before the statute of limitations had run on plaintiff's claim, she filed a praecipe for writ of summons. The local practice in Fayette County is that plaintiff must provide the sheriff with instructions for service upon the defendant. Plaintiff failed to provide such instructions, and therefore, the writ of summons could not be served by the sheriff. The writ of summons expired 30 days after the date of issuance by the prothonotary. Therefore, by plaintiff's failing to provide instructions for service to the sheriff, we hold that plaintiff by conduct she set in motion prevented the legal machinery she initiated from continuing. This is the intent of the new rule enunciated by our Supreme Court in *Lamp.*

This court is not satisfied that plaintiff did all that she should have done. She could have requested the sheriff to make service upon the defendant at his last known address, and this would have implied a good faith effort to discover his correct address. *See Adoption of Walker,* 468 Pa. 165, 360 A.2d 603 (1967). In *Feher by Feher v. Altman,* 357 Pa.Super. 50, 515 A.2d 317 (1986), the court held that:

"The mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action." *Id.*

Hence, plaintiff's failure to deliver to the sheriff the requisite instructions for service as required by local practice in Fayette County caused the original writ of summons not to be effective to commence her action and that the statute of limitations barred plaintiff's claim.