J-S26018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MAMADOU BARRY AND MIRIAM BARRY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 232 EDA 2023 |
| NATIONWIDE AND NATIONWIDE MUTUAL INSURANCE COMPANY | : | |

Appeal from the Order Entered January 5, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220303161

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:

**FILED NOVEMBER 14, 2023**

I respectfully concur. Nationwide and Nationwide Mutual Insurance Company ("Nationwide") filed preliminary objections ("POs") arguing that service was improper. Nationwide argued the civil rules allow for original service within 30 days after commencement of suit, and as of the filing of the POs, it had been 197 days. It therefore asked the court to dismiss the complaint with prejudice. The relevant portion of the POs reads:

5. The Pennsylvania Rules of Civil Procedure permit the filing of preliminary objections for lack of jurisdiction and improper service of a complaint. Pa. R.C.P. 1028(a)(1).

6. Pennsylvania Rules of Civil Procedure 401(a) states that original process shall be served within the Commonwealth within thirty (30) days after the issuance of the writ or filing of the complaint.

7. Pursuant to Pa. R.C.P. 402(a), service of original process may be served: (1) by handing a copy to the defendant; or (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

8. Plaintiffs originally filed the Complaint against Objecting Defendant on or about March 30, 2022.

9. In accordance with Pa. R.C.P. 401(a), Plaintiff had thirty (30) days, or until April 29, 2022, to serve Objecting Defendant with the Complaint.

10. As of October 3, 2022, or one-hundred and ninety-seven (197) days later, Plaintiffs have not served Objecting Defendant with the Complaint.

11. As of October 3, 2022, Objecting Defendant is unaware of any attempt Plaintiffs have made, defective or otherwise, to perfect service of the Complaint on Objecting Defendant.

12. Thus, Plaintiffs have egregiously failed to properly serve Objecting Defendant with the Complaint filed on March 30, 2022 within the requisite time according to Pennsylvania Rules of Civil Procedure 401(a).

Nationwide's POs at 2-3 (unpaginated); R.R. 020a-021a. Nationwide's POs did not mention *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976) or its progeny. Nor did they allege that Appellants had not made a good faith effort at service or claim that the statute of limitations had expired.

Appellants injected the *Lamp* rule into the case in their response to Nationwide's POs. They argued that due to an "oversight," "the Complaint was inadvertently not sent out for service after it was filed." Appellants'

Memorandum of Law in Support of Their Response in Opposition to Defendant's Preliminary Objections at 2 (unpaginated); R.R. 043a. They stated that upon receipt of Nationwide's POs, they sent the complaint for service. Plaintiffs argued that Nationwide had not suffered prejudice because it had notice of Plaintiffs' UIM claims. In support, Appellants cited two cases about the rule under **Lamp v. Heyman** that if a plaintiff does not make a good faith effort to serve a complaint or writ of summons, the complaint or writ does not toll the statute of limitations. Appellants understandably did not allege that the statute of limitations had expired.

The trial court sustained the POs. In its Pa.R.A.P. 1925(a) opinion, it noted the **Lamp** rule and observed that Appellants claimed to have served Nationwide upon receipt of the POs. Despite its discussion of the **Lamp** rule, it notably did not find that the statute of limitations had expired. Rather, the trial court explained it had sustained the POs because there was nothing of record showing Appellants had served Nationwide. Trial Court Opinion, 3/14/23, at 5.

The court signed the proposed order that Nationwide had included with its POs. The order as drafted by Nationwide would have dismissed the complaint with prejudice. However, the trial court struck out the words "with prejudice." An order sustaining preliminary objections without prejudice is ordinarily interlocutory and not appealable unless the order's practical consequence is to put the appellant out of court. **See Gordon v. Gordon**, 439 A.2d 683, 686 (Pa.Super. 1981) (*en banc*). It thus appears that we lack

appellate jurisdiction. The trial court did not find, and neither party contends, that the statute of limitations has run, and a failure to serve is curable.

Assuming *arguendo* that our jurisdiction is proper, I would not affirm based on the **Lamp** rule. The **Lamp** rule comes into play where a plaintiff institutes suit, the statute of limitations then expires, and the plaintiff serves the defendant after the statute has run. In such a situation, the initial filing instituting suit tolls the statute of limitations if the plaintiff has made a good faith effort at service. But Nationwide did not plead the **Lamp** rule or allege that the statute of limitations had expired. It does not even argue on appeal that the statute of limitations has expired.

I nevertheless agree that affirmance is in order because at the time the court ruled on the POs, the record did not show that Appellants had served Nationwide. Although Appellants included in the reproduced record a copy of an affidavit of service attesting to service after Appellants appealed, that document was not (and could not have been) in the record when the trial court ruled on the POs. Indeed, it is not in the certified record now. I respectfully concur.