380 A.2d 490

James VOSHELL, Appellant,

v.

**SUN OIL COMPANY and Michael F. Campbell.**

Superior Court of Pennsylvania.

Argued June 9, 1975.

Decided Dec. 2, 1977.

Carolus A. Wade, West Chester, for appellant.

Thomas O. Malcolm, West Chester, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This appeal presents the single question of whether the statute of limitations was tolled when plaintiff-appellant filed a praecipe for a writ of summons, but instructed the prothonotary to hold the writ and not deliver it to the sheriff for service. The court below, in granting defendant-appellees' motion for judgment on the pleadings, concluded that the statute of limitations was not tolled under those circumstances. We, however, must disagree.

Appellant filed his praecipe on March 11, 1974. This action, therefore, is controlled by *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). Our Supreme Court there specifically ruled that a plaintiff's "issue and hold" instructions to the prothonotary did not make the timely filing of the praecipe a nullity for purposes of tolling the statute of limitations.[1] Accordingly, we hold that the instant action was properly commenced within the statutory period.

Judgment reversed and complaint reinstated.

1. That result, however, was qualified. In actions instituted *subsequent* to the date of the *Lamp* decision, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, supra at 478, 366 A.2d at 889 (footnote omitted).