385 A.2d 543

**Louise M. KING and Walter J. King, Appellants,**

**v.**

**Earl O. HAUPT, Jr.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1977.

Decided April 13, 1978.

John J. Dirienzo, Jr., Somerset, with him Joseph N. Cascio, Somerset, for appellants.

Rabe F. Marsh, III, Greensburg, with him Joseph M. Loughran, Greensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The sole question presented in this appeal is whether the statute of limitations was tolled when plaintiff-appellants filed a praecipe for a writ of summons but simultaneously directed the prothonotary to hold the writ and not deliver it at that time to the sheriff for service. The court below granted defendant-appellee's motion for judgment on the pleadings, concluding that the statute of limitations was not tolled under these circumstances. We, however, must disagree.

Appellants filed their praecipe on January 26, 1973. The instant action, therefore, is controlled by *Lamp v. Heyman,*

469 Pa. 465, 366 A.2d 882 (1976). In *Lamp*, our Supreme Court specifically ruled that a plaintiff's "issue and hold" instructions did not make the timely filing of the praecipe a nullity for purposes of tolling the statute of limitations.[1] Accordingly, we hold that appellants commenced this action within the statutory period. *See Voshell v. Sun Oil Company*, 251 Pa.Super. 285, 380 A.2d 490 (1977).

Judgment reversed and complaint reinstated.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

1. We recognize, however, that in actions instituted *subsequent* to the date of the *Lamp* decision, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, supra, 469 Pa. at 478, 366 A.2d at 889 (footnote omitted).