## Gottlieb, Appellant, *v.* Homestead Steel Works, Employees Federal Credit Union.

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Jack Palkovitz*, with him *Palkovitz and Palkovitz*, for appellant.

*James C. Evans*, with him *John E. Evans, Jr.*, and *Evans, Ivory & Evans*, for appellee.

OPINION BY FLOOD, J., December 14, 1961:

The plaintiff entered judgment against the appellant for failure to file an answer in an action upon a check. The judgment was opened by agreement and the defendant then filed preliminary objections. The court sustained the objection that the suit was brought at a time when the plaintiff, who was trading under the fictitious name, Nationwide Motors, had not yet registered that name under the Fictitious Names Act of May 24, 1945, P. L. 967, as amended, 54 PS §28.1 et seq., and dismissed the complaint holding that the suit was barred under Section 4 of the Act (54 PS §28.4) which provides that "no . . . action shall be in-

stituted or recovery had by any such person or persons . . . until such person or persons comply with the provisions of this act . . ."

This case clearly comes within the prohibition of the Fictitious Names Act of 1945 and the court below properly sustained the preliminary objections. The plaintiff had not registered under the Fictitious Names Act when suit was begun. There is nothing in the record indicating any excuse for his failure to do so, any waiver by the defendant in his pleadings, or any estoppel or other circumstance to prevent the defendant from raising the question.

The plaintiff rests his case upon our decision in *Ross v. McMillan,* 172 Pa. Superior Ct. 298, 93 A. 2d 874 (1953). In that case, however, there had been a trial and a verdict for the plaintiff. Although the defendant had raised the question of failure to register by preliminary objections, the preliminary objections had been overruled, the plaintiffs had complied with the statute within several months after instituting suit, the parties had gone to trial, the verdict had been rendered for the plaintiffs and the defendant admitted he knew with whom he was dealing and had not been deceived. Under those circumstances this court refused to award a new trial solely on the ground that the plaintiffs had failed to register before instituting suit. We stated that the defendant was estopped from raising any question concerning plaintiffs' failure to register prior to instituting suit. A contrary holding would have sanctioned a confiscation of the plaintiff's judgment upon a "hypertechnicality".

Although plaintiff's answer to defendant's preliminary objections alleged that he now has registered under the act, it does not allege that defendant knew who was trading as Nationwide when the contract was made, or that he has paid the license fee or fine of $25 required before instituting suit on a cause of action

arising prior to the filing of an application for registration.

The plaintiff in this appeal asks us to hold that he is not required to comply with the statute and that his failure to do so does not affect his right to sue despite the clear language of Section 4 of the Fictitious Names Act, supra. He offers no reason by way of waiver or estoppel on the part of defendant why the court should arrest the operation of the statute against him and he suggests no other circumstances which would entitle him to relief from a strict application of the statute.

Order affirmed.