## Lehnerd v. Habada

*Robert Stock*, for purchaser-execution creditor.
*Lee C. McCandless*, for claimant.

DILLON, J., January 3, 1974.—On March 21, 1972, Wendle V. Lehnerd, the sole proprietor of a business registered in the Fictitious Names Docket at Vol. 3, P. 327, as Butler Letter Service, died. Subsequently, on June 30, 1972, his widow, Agnes Lehnerd, sold all the assets of this business located at 134 South Washington Street, Butler, Pa., to Joseph Paul Habada and his wife, Patricia A. Habada. On June 30, 1972, the buyers executed a secured transaction and concurrent judgment obligation for $20,100 which was filed July 14, 1972, at Docket 16, no. 20593, page 33, in the prothonotary's office of Butler County. The secured transaction covered all inventory, stock in trade, accounts receivable, chattels, and goods of

whatsoever nature, situate and located at 134 South Washington Street, Butler, together with any and all equipment, parts, accessories and replacements attached or added to the collateral. The debtors in the security agreement were named as Paul J. Habada and Patricia A. Habada and the name Butler Letter Service was not mentioned in the secured transaction that was filed. The personal representative of the deceased, Wendle V. Lehnerd, did not file a statement of dissolution or withdrawal of a fictitious name when the owner died, as required by the Act of May 24, 1945, P. L. 967, 54 PS §§28.7-28.10, nor did the defendants, J. Paul Habada and Patricia Habada, amend the original certificate and file their names while deleting Lehnerd's name as required by amendment of September 23, 1959, P. L. 936, 54 PS §28.6a, all the above sections being part of the Fictitious Names Act.

Subsequently, defendants, J. Paul Habada and Patricia Habada, operating as Butler Letter Service, sold 10 pieces of the same equipment which was secured by the Lehnerd security transaction to IDS Leasing Corporation which leased this equipment back to the Habadas. These 10 items were listed as a lease in a security transaction filed February 2, 1973, at Docket 16, no. 21798, page 334, in the prothonotary's office of Butler County and the debtor was named as Butler Letter Service. Before taking the above security interest, IDS checked the secured transaction docket in the prothonotary's office in Butler County and office of the Secretary of the Commonwealth under the name of the Butler Letter Service only and not under the name of the debtors, J. Paul Habada and Patricia Habada, and they found no outstanding liens or encumbrances against the equipment in the name of Butler Letter Service. Prior to the completion of its transaction with the Habadas, the

personal representative of Wendle V. Lehnerd, William A. Lehnerd, signed a prepared letter on January 12, 1973, submitted to him by Joseph P. Habada advising that the 10 items of equipment subsequently listed in the IDS leasing secured transaction were indeed sold to Paul Habada and this letter was shown to IDS Leasing Corporation by Mr. Habada. The letter did not mention that any secured transaction was on file covering the 10 items of equipment. In all his transactions with IDS Leasing Corporation, the debtor, J. Paul Habada, referred to himself as Butler Letter Service.

Plaintiff executed upon the judgment note and had the equipment located at 134 South Washington Street, Butler, where 6 of the 10 items were located, attached. The other four items are in the possession of IDS Leasing Corporation. The sheriff sold all the equipment at a sheriff's sale on June 6, 1973, for $50 to plaintiff who was the only bidder. Prior to the sale, IDS Leasing Corporation filed its pleading with the sheriff stating its secured transaction and claiming all the interest in the 10 items. The parties agree that the proceeding in this court will determine the validity of the secured transactions and all the rights of the parties in this matter.

The brief of IDS Leasing Corporation states that J. Paul Habada indicated to them that he had purchased the entire business of Butler Letter Service from Agnes Lehnerd. Therefore, the failure of the personal representative to withdraw the deceased Wendle Lehnerd's name as the owner of the Butler Letter Service and the failure of the Habadas to file their names as new owners and delete Lehnerd's name amending the certificate did not affect IDS Leasing Corporation. The purpose of the first Fictitious Names Act and, obviously, the purpose of the 1945 act was:

" '[T]o protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligation . . . It is a penal regulation and should be so construed as not to extend its operation beyond the purposes for which it was evidently enacted' ": Ross v. McMillan, 172 Pa. Superior Ct. 298, 300, 93 A.2d 874, 875 (1953); Kauffman v. Bebenek, 40 Northumb. L. J. 35, 36 (1967).

If IDS Leasing Corporation had relied on the Fictitious Names Act registration and checked for liens under the name of Wendle Lehnerd, then the failure to delete his name would have some bearing on the case. But, as it was, IDS Leasing Corporation knew that J. Paul Habada and Patricia Habada owned Butler Letter Service and they should have checked for liens under their names, also.

Both briefs in this case cite Thomson v. O. M. Scott Credit Corporation, 28 D. & C. 2d 85, 10 Chester 405 (1962), and the facts are very similar to the instant case. There, petitioners sold a store and all its assets and the name of "J. B. Simon and Brother," which was registered under the Fictitious Names Act, to Joseph A. Tigue and Helen A. Kistner who added their name to the fictitious name certificate while deleting petitioners' name. A security agreement for the balance of the purchase price described petitioners as "secured party" and the buyers as "debtor." The agreement did not mention the fictitious name of the business and was filed as financing statements in the proper offices. The buyers subsequently entered into a trust receipt agreement with defendant which was filed in the proper offices and numerous transactions were made

under that agreement, but no notice was ever given petitioners. The buyers ceased paying on the purchase agreement and petitioners took possession of all the inventory including seeds which were included under the trust receipt agreement. Defendant claimed the seeds under the trust agreement but contended that petitioners never perfected their security to give defendant proper constructive notice because the security agreement nowhere mentioned the fictitious name of the company, J. B. Simon and Bros., and so it was not properly filed. The court held that under section 9-203-1(b) of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §9-203, an effectively protected security interest must be supported by a written security agreement signed by the debtor, and it was done here because the real parties in interest and the debtors were Joseph A. Tigue and Helen A. Kistner and not J. B. Simon and Bros. The court cited cases including Houser v. Childs, 129 Pa. Superior Ct. 565, 196 Atl. 547 (1938), which held that the proper indexing of a mechanics' lien was under the individual's name and not the fictitious name.

It can be seen that the instant case fits squarely within the reasoning of the Thomson case. Under 12A PS §9-203(1)(b) (1960), the debtors must sign the security agreements and J. Paul and Patricia Habada were the real parties in interest, the debtors; and the fictitious company name, Butler Letter Service, was not the debtor and was not required to be mentioned.

Another reason exists in this case why the Butler Letter Service was not the debtor. The parties never complied with the Fictitious Names Act to give any legal status to the name Butler Letter Service with the Habadas as owners. Therefore, the only debtors ever legally in existence because of the noncompliance with the Fictitious Names Act were the Habadas. See Got-

tlieb v. Homestead Steel Works 197 Pa. Superior Ct. 30, 176 A. 2d 103 (1961).

A search of the debtor index to secured transactions reveals Joseph Paul Habada, et al., as debtor and Agnes Lehnerd as secured party. On the next line below this entry is J. Paul Habada, et al., as debtor and IDS Leasing Corporation as the secured party. IDS would have us reverse the priorities. This we cannot do. IDS was obliged to search the records in the name of J. Paul Habada. They apparently either failed to do this or in their search missed the secured transaction in favor of Agnes Lehnerd.

## ORDER OF COURT

Now, January 3, 1974, pursuant to the foregoing opinion, the court finds that all 10 items in dispute are the property of Agnes Lehnerd, the plaintiff. The claim of IDS Leasing Corporation is denied.