384 A.2d 1350

**Linda M. WASHINGTON, Admrx. of the Estate of Edward R. Washington, and Linda Washington, wife of Edward R. Washington, Deceased, as Trustee for Persons Entitled to Share Under the Wrongful Death Act, and Linda M. Washington, in her own right, Appellant,**

v.

**Anthony J. PAPA, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued March 23, 1977.

Decided April 13, 1978.

M. Wade Myers, West Chester, with him Carolus A. Wade, West Chester, for appellant.

Timothy H. Knauer, West Chester, with him C. Robert Elicker, Jr., West Chester, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal filed by the plaintiff below, Mrs. Linda Washington, arises from the lower court's granting appellee's motions for summary judgment. In all instances the judgments resulted from the hearing court's determination that the relevant statute of limitations had expired. With

the exception of the summary judgment granted for defendant, Mr. Anthony Papa, on the wrongful death action which has not been appealed, we disagree with the court's order and will reverse the judgments and remand for further proceedings.

On August 12, 1971, Mrs. Washington and her husband, Edward, were passengers in appellee's car when it was involved in an accident. This accident resulted in Mr. Washington's death and serious personal injuries to Mrs. Washington. Consequently, on August 2, 1972, Mrs. Washington, appellant herein, filed a praecipe for a writ of summons, but the writ was neither served nor reissued. More than one year later, on August 9, 1973, appellant filed a complaint setting forth causes of action in survival and wrongful death as a result of her husband's death, as well as claiming damages for the personal injuries she had sustained. Despite the fact that an original or reissued writ of summons had not been served pursuant to Pa.R.C.P., Rule 1010, prior to filing the complaint,[1] appellant served the complaint on appellee on August 24, 1973. Thereafter, counsel for appellee entered his appearance on September 24, 1973, filed a third party complaint against Larry Goodwin as an additional defendant, and filed an answer to the appellant's complaint on January 18, 1974. Appellee's original answer contained new matter raising the statute of limitations only with respect to appellant's complaint in wrongful death.

Appellee established by affidavit of the prothonotary that there was no activity on the original writ of summons in the year which followed its issuance. The only action thereafter had been appellant's filing the complaint on August 9, 1973, and its service on August 24, 1973. By simply applying the one year statute for wrongful death action[2] and the principle of *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961), the court reached the conclusion that summary judgment for appellee must be granted as to the wrongful death

1. Rule 1010 has since been amended to permit service of a complaint to operate as alternative process.

2. Act of April 26, 1855, P.L. 309, § 2, 12 P.S. § 1603 (1953).

count. In this respect the court's order was so manifestly correct that appellant did not appeal it to this court.

Subsequently, appellee, with leave of court, amended his new matter to include the contention that appellant's remaining causes of action in survival and for personal injuries, were barred by the applicable two year statute of limitations,[3] and moved for summary judgment. At the time of the amendment, more than two years had .elapsed since the issuance of the writ. After considering the arguments of counsel the court concluded that appellant had failed to comply with the statute and granted summary judgment for appellee.

Recently, in *Cox v. Hott*, 246 Pa.Super. 445, 371 A.2d 921 (1977) we disposed of a virtually identical question in a fashion consonant with the rationale appellant offers in the instant case. Unfortunately, the hearing court did not have the benefit of that decision when it granted summary judgment for appellee herein, for we find *Cox v. Hott*, supra, to be controlling. As we stated in that case.

"Rule 1017, Pa.R.C.P., requires that challenges to personal jurisdiction be raised preliminarily: '(b) Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons . . .' A party must raise preliminary objections 'within twenty (20) days after service of the preceding pleading.' Rule 1026, Pa.R.C.P., *Radakovich v. Weisman*, 241 Pa.Super. 35, 359 A.2d 426 (filed June 28, 1976). A party who fails to raise a question of the court's in personam jurisdiction by timely preliminary objections waives that claim. Rule 1032, Pa.R.C.P. That is, '[i]t is well-established that a party may waive his objections to personal jurisdiction by consenting to the court's authority: 'Jurisdiction of the person may only be obtained, . . . , through consent, waiver or proper service of process.' [Citations omitted.] "In the instant case, service by complaint was improper because the sheriff did not serve appellee with the writ of

3. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34 (1953).

summons. [Citations omitted.] Appellee's failure to raise that issue within 20 days of service of the complaint constituted a waiver. Instead of filing preliminary objections, appellee raised the statute of limitations as new matter. The writ was filed within the applicable period, so that the statute of limitations was tolled. [Citations omitted.] Thus, had appellee filed preliminary objections challenging personal jurisdiction, the appellants could have timely filed a praecipe for reissuance of the writ. Appellee did not challenge the court's jurisdiction and proceeded to litigate the case. The waiver of his challenge to the court's jurisdiction validated appellants' otherwise defective form of service. Because the statute of limitations had not run when appellants' original writ was filed, the lower court erred when it dismissed the instant action." *Id.*, 246 Pa.Super. at 449, 371 A.2d at 923.

In the instant case, what distinguishes appellee's success with respect to the wrongful death claim from his failure with respect to the remaining causes of action, is that summary judgment on the wrongful death claim required no inquiry into the propriety of serving a complaint after the action initiated with a writ. Regardless of the propriety of its service, service of the complaint was "out of time" with respect to the wrongful death action.[4] The same cannot be said of the remaining counts, since, if service of the complaint was not improper, it clearly occurred within the allowable two-year period which began when the praecipe for a writ of summons was filed. Hence, in order to sustain his defense of the statute of limitations appellee had to show that there had been no effective service. Unfortunately for appellee, his right to challenge service, i.e. *in personam* jurisdiction, expired twenty days after the complaint was served on August 24, 1973.[5] See Pa.R.C.P., Rule 1026, *Cox v. Hott*, supra. Moreover, appellee lost any remaining oppor-

---

4. But see The Judicial Code, 42 Pa. C.S. § 5553 (App.1977).

5. Just as in *Cox v. Hott*, supra, had appellee challenged service of the complaint in timely fashion, appellant could have reissued the writ and served it before the two year statute ran.

tunity to challenge jurisdiction when he filed an answer to the complaint and joined a third party defendant. See *O'Barto v. Glossers Stores, Inc.* 228 Pa.Super. 201, 324 A.2d 474 (1974). Therefore, when the court ruled on appellee's motion for summary judgment below, it was faced with indisputably valid service on August 24, 1973, a date well within the two-year period which began to run on August 2, 1972. Since on that basis service had been effected within the two-year period, appellee's defense of the statute of limitations should have failed.

Judgments reversed and case remanded for further proceedings not inconsistent with this opinion.

PRICE, J., notes his dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.