442 A.2d 694

**Kristin SAYNE, Appellant,**

v.

**Charles R. WYLIE.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed Oct. 2, 1981.

Reargument Denied March 30, 1982.

---

G. Wayne Renneisen, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

The lower court sustained defendant's preliminary objections on the ground that the statute of limitations barred plaintiff's claim. We disagree and reverse.

According to the complaint plaintiff suffered personal injuries as a result of an automobile accident on May 27, 1969. On May 25, 1971, plaintiff commenced suit by writ of summons in trespass. Although the writ was issued by the prothonotary, it was never served on the defendant.

On October 1, 1971, plaintiff filed a complaint in trespass. The complaint was reinstated on February 16, 1972, April 12, 1972 and December 12, 1972. On December 12, 1972, defendant was served with the complaint.

On December 27, 1972, defendant's liability insurance carrier requested and received from plaintiff's counsel a reasonable extension of time in which to answer or otherwise move so that it could review the medical reports and bills and evaluate the claim. On July 16, 1973, defendant's counsel entered his appearance. On July 18, 1973, the defendant filed preliminary objections which sought to strike the writ of summons and the complaint and dismiss the cause of action. On February 20, 1974, plaintiff filed preliminary objections to the defendant's preliminary objections. On March 12, 1974, defendant filed his answer to plaintiff's preliminary objections to defendant's preliminary objections. On July 27, 1979, the lower court entered an order which sustained the defendant's preliminary objections on the

ground that the statute of limitations had run and which dismissed the plaintiff's preliminary objections.

Plaintiff's first argument is that the defense of a waivable statute of limitations should have been raised in new matter rather than in preliminary objections. This proposition of law is correct. Pa.R.Civ.P. 1017, 1030. Nevertheless, the plaintiff has not raised this issue in the lower court. After analyzing prior cases and the Pa.R.A.P. 302, we conclude that this issue has been waived.

In *Rufo v. Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965), the lower court sustained the defendant's preliminary objections, inter alia, on the ground that the action was barred by the statute of limitations and the Supreme Court affirmed. On appeal the appellant argued for the first time that the defense of the statute of limitations should have been raised in new matter. This argument was rejected because it was not raised in the court below and because by answering the preliminary objections the appellant had in effect treated the objection as new matter.

Subsequent to *Rufo* the Supreme Court decided *Royal Oil and Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971). In *Royal Oil* the lower court sustained the defendant's preliminary objections and the Supreme Court reversed. The preliminary objections raised the defenses of the statute of frauds and the statute of limitations. On appeal the plaintiff argued for the first time that these defenses should have been raised in new matter rather than in preliminary objections. The Supreme Court accepted this argument and rejected the appellee's argument that the issue was waived. The court acknowledged that *Rufo* was an identical situation and that waiver was applied there. Nevertheless it noted that since *Rufo* had been decided, Pa.R.Civ.P. 1017 and 1030 had been amended so as to allow a waivable statute of limitations defense to be raised only in new matter. The court also relied on its prior decision in *Ziemba v. Hagerty*, 436 Pa. 179, 259 A.2d 876 (1969), in which it had also held there was no waiver for failure to raise the issue below.

After *Royal Oil*, however, the Supreme Court decided *Duquesne Slag Products v. Lench*, 490 Pa. 102, 415 A.2d 53 (1980). In *Duquesne Slag Products* the lower court sustained the defendant's preliminary objections and the Supreme Court affirmed. The preliminary objections raised the defense of res judicata. On appeal the plaintiff argued for the first time that this defense should have been raised in new matter. The Supreme Court rejected this argument and held that the argument was waived. In so holding the Supreme Court discussed and relied on *Rufo*.

From our analysis of these three Supreme Court decisions, *Rufo, Royal Oil* and *Duquesne Slag Products*, we conclude that although *Royal Oil* appears to overrule *Rufo, Duquesne Slag Products* shows that *Rufo* continues to be valid precedent. Our view that *Rufo* continues to be valid is confirmed by several developments which have occurred since *Royal Oil*. First, in 1974 the Supreme Court discarded the notion that fundamental errors could be raised for the first time on appeal, *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974) and *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Second, Pa.R.A.P. 302 provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *See Tice v. Nationwide Life Insurance Company*, 284 Pa.Super. 220, 238, 425 A.2d 782, 792 (1981) (dissenting opinion). Third, other decisions have held that the issue, that certain matters should be asserted in new matter rather than in preliminary objections, is waived on appeal if it was not raised in the court below. *National Recovery Systems v. Frebraro*, 287 Pa.Super. 442, 443–44, 430 A.2d 686, 687 (1981) (illegality); *Butcher v. United States Investment Corp.*, 236 Pa.Super. 8, 12 n.4, 344 A.2d 583, 586 n.4 (1975) (statute of frauds). Further, other cases which have the same issue, that certain matters should be asserted in new matter rather than in preliminary objections, reach the merits of the underlying issue even though the cases are not explicitly based on waiver. *Gibson v. Commonwealth of Pennsylvania*, 490 Pa. 156, 159 n.2, 415 A.2d 80, 82 n.2 (1980) (sovereign immunity); *Freach v.*

*Commonwealth of Pennsylvania,* 471 Pa. 558, 564 n.6, 370 A.2d 1163, 1166 n.6 (1977) (same); *Donnelly v. DeBurke,* 280 Pa.Super. 486, 494 n.4, 421 A.2d 826, 830 n.4 (1980) (statute of limitations); *Cooper v. Downingtown School District,* 238 Pa.Super. 404, 357 A.2d 619 (1976) (same); *cf. Commonwealth, Dept. of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779 (1979) (statute of limitations).

In light of *Duquesne Slag Products* and the developments in the waiver doctrine which occurred after the decision in *Royal Oil,* we conclude that *Rufo* continues as valid precedent and we question the validity of *Royal Oil.* In the instant case the plaintiff objected to the defendant's preliminary objections only on the ground that the defendant's preliminary objections had been filed too late. In the court below the plaintiff did not raise the issue that the statute of limitations defense was improperly presented in preliminary objections rather than in new matter. We, therefore, hold that this issue is waived.

Plaintiff also argues that since the defendant did not raise the issue that service of the complaint was an improper mode of service of process in his preliminary objections, the statute of limitations is not a bar to her claim. We agree.

Since the statute of limitations for personal injuries is two years, 12 P.S. § 34 (repealed)[1], filing a writ of summons extends the statute of limitations period for two years from the date of filing the writ.[2] *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976); *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970). Moreover reissuance of the writ of summons after it is filed may extend the statute of limitations for another two year period after the writ is reissued. *Yefko, supra.* Prior to June 28, 1974 if an action is com-

1. For the present statute see 42 Pa.C.S.A. § 5524.

2. In *Lamp v. Heyman,* supra, the Supreme Court decided that if a plaintiff frustrated service of the writ of summons, the writ would be ineffective to commence an action. This rule was prospective from the date of the decision, November 24, 1976. All the relevant proceedings in this case occurred before November 24, 1976 and thus *Lamp* does not apply.

menced by a writ of summons, the complaint is only the required pleading, it has none of the characteristics of process and service of the complaint does not confer jurisdiction [3]. *Yefko, supra.* Thus in such a case it is still necessary to timely serve the writ of summons or extend the period by timely reissuing the writ. *Yefko supra.*

In the instant case the action was commenced on May 25, 1971 by writ of summons within the applicable two year statute of limitations. Thus the statute of limitations was extended two more years to May 25, 1973 and plaintiff was required to timely serve the summons, or reissue it by that date. *Yefko, supra.* Plaintiff did neither. Instead plaintiff filed a complaint, which after being reinstated several times, was served on the defendant on December 12, 1972. Thus the defendant had notice of the suit by December 12, 1972, well within the May 25, 1973 deadline. Moreover, the complaint provided the defendant with much more detail about the nature of the lawsuit than a writ of summons would have provided. On December 27, 1972 the defendant's insurer sought and obtained a reasonable extension of time in which to answer or otherwise move so that it could review the medical reports and bills and evaluate the claim. However, since the action was commenced by writ of summons, under the rules applicable at that time [4] the complaint was not an effective mode of process and therefore the statute of limitations was not tolled by service of the complaint; tolling could only be accomplished by service or reissuance of the writ of summons. *Yefko, supra.*

We were faced with this type of situation in *Washington v. Papa*, 253 Pa.Super. 293, 384 A.2d 1350 (1978), and *Cox v. Hott*, 246 Pa.Super. 445, 371 A.2d 921 (1977). In *Washington* and *Cox* we reversed the lower court's decision which had held the statute of limitations had barred the causes of action. We reasoned that the defendant was obligated to

3. Effective June 28, 1974 Pa.R.Civ.P. 1010 was amended to allow service of the complaint to be effective process if the action is commenced by writ of summons.

4. See note 2, *supra.*

raise the issue that service of the complaint was improper service of process in timely filed preliminary objections or else the issue was waived and the statute of limitations would not bar the action. In *Washington* we said:

[I]f service of the complaint was not improper, it clearly occurred within the allowable two-year period which began when the praecipe for a writ of summons was filed. Hence, in order to sustain his defense of the statute of limitations appellee had to show that there had been no effective service. Unfortunately for appellee, his right to challenge service, i.e. *in personam* jurisdiction, expired twenty days after the complaint was served on August 24, 1973. See Pa.R.C.P., Rule 1026, *Cox v. Hott*, supra.

*Washington, supra*, 253 Pa.Super. at 297, 384 A.2d at 1352. Thus the question here is whether the defendant has raised the issue that service of the complaint was improper service of process in timely filed preliminary objections.

Ordinarily preliminary objections must be filed within twenty days of the service of the complaint. Pa.R.Civ.P. 1026. If the defendant had filed his preliminary objections within that time and had raised the issue that the complaint was improper service of process, the plaintiff could have had the writ reissued and served the defendant within the extended statute of limitations period. Here, however, the twenty day time period prescribed by Pa.R.Civ.P. 1026 is not applicable since the plaintiff granted the defendant a reasonable time to answer or otherwise move. See Pa.R.Civ.P. 248. Although the defendant's preliminary objections were filed more than seven months after the complaint was served, the lower court held that the preliminary objections were filed within a reasonable time and on appeal plaintiff does not challenge that holding. Thus we do not consider the issue of the timeliness of the preliminary objections; we need only consider whether the preliminary objections raise the issue that service of the complaint was improper service of process.

■ Defendant's preliminary objections consist of four numbered paragraphs. Only one of these paragraphs men-

tions service of a document. In that paragraph the defendant merely objects that the writ of summons was never served upon him. Nowhere does he object to the service of the complaint which was served on December 12, 1972. There is no objection that service of the complaint was improper service of process and that, therefore, there is no personal jurisdiction. We, therefore, conclude that the defendant did not object to service of the complaint as improper process.[5] Accordingly, his contention that the statute of limitations is a bar because the writ of summons was not served or reissued within the proper period is waived. *Washington, supra; Cox, supra.*

Order reversed.

PRICE, J., did not participate in the consideration or decision of this case.

---

5. Because of the amendment to Pa.R.Civ.P. 1010 effective June 28, 1974, our holding on this aspect of the instant case will have limited effect. Since that date service of the complaint is effective process even if the action is commenced by writ of summons.