## Phillips Heating & Air Conditioning Co. v. Achter, QSP, Inc.

*John C. Mohan,* for plaintiff.
*Richard P. Jacob,* for defendants.

WETTICK, *A.J.,* October 31, 1985—This is a suit by Phillips Heating & Air Conditioning Company for money owed for furnace repairs. Plaintiff's complaint identifies defendants as QSP, Inc., and Richard J. Achter. The complaint alleges that the repair work occurred on premises owned by defendant QSP, Inc., and was agreed to by Richard J. Achter acting within the scope of his employment as a servant, agent and/or employee of QSP, Inc.

Both defendants have filed preliminary objections in the nature of a petition raising the defense of lack of capacity to sue. This preliminary objection asserts that Phillips Heating & Air Conditioning Company may not institute an action without first complying with the registration provisions of the Fictitious Names Act (Act of December 16, 1982, P.L. 1309, 54 Pa.C.S. §301 et seq.).[1] Defendant

---

1. This act is a reenactment of the Act of May 24, 1945, P.L. 967, as amended, 54 P.S. §28.1 et seq.

Richard J. Achter has filed a second preliminary objection in the nature of a demurrer on the ground that he cannot be held liable for the debts of QSP, Inc.

I

The Fictitious Names Act requires any individual doing business under a name other than his or her proper name to register the fictitious name by filing a statement with the Department of State which sets forth, inter alia, the name and address of each individual interested in the business (54 Pa.C.S. §311). The act provides that no entity which has failed to register a fictitious name in violation of the act shall maintain an action in any tribunal of this Commonwealth until such entity has registered. 54 Pa.C.S. §331(a). The act further provides that no cause of action that arose prior to the date of registration of the fictitious name may be maintained by the party conducting a business under a fictitious name until that party has paid a civil penalty of $500 to the department. 54 Pa.C.S. §331(b).

Plaintiff has not questioned defendants' raising the defense of the failure to register through preliminary objections. It appears that this is the proper procedure for raising this defense. Gottleib v. Homestead Steel Works, Employees Federal Credit Union, 197 Pa. Super. 30, 176 A.2d 103 (1961); Fredericks v. Hamm, 45 D.&C.2d 687 (1968); Stabinski v. Jarinski, 23 D.&C.2d 741 (1961); and Michener v. Wagner & Son, 11 D.&C.2d 444 (1957). Moreover, by failing to object to this defense being raised in this manner, plaintiff has waived its procedural objections to this preliminary objection. Sayne v. Wylie, 296 Pa. Super. 134, 442 A.2d 694 (1982).

In the present case, defendants argue that plaintiff was trading under the fictitious name Phillips

Heating & Air Conditioning Company, that plaintiff does not allege that defendants knew who was trading as Phillips Heating & Air Conditioning Company and, consequently, that this action may not be maintained until plaintiff registers under the Fictitious Name Act and pays the $500 civil penalty imposed by 54 Pa.C.S. §331(b).[2] In support of their preliminary objections, defendants rely on Gottleib v. Homestead Steel Works Employees' Federal Credit Union, supra, in which the Superior Court held that the trial court properly sustained the preliminary objections of defendant that a suit brought by an unregistered entity is barred by the Fictitious Names Act where there was nothing in the record showing that defendant knew with whom he was dealing.

Phillips Heating & Air Conditioning Company is a business conducted by Jack Phillips. Plaintiff argues that registration provisions of the Fictitious Names Act are not applicable because the firm name is the true name of plaintiff.

The issue of whether a firm name that includes the surname of the persons conducting the business must be registered has been considered on nu-

---

2. The case law has created an exception to the statutory bar against a suit brought by an unregistered party when defendant has accepted the benefits of the transaction with full knowledge of the true identity of the persons who comprise the unregistered entity. The rationale is that the registration provisions of the Fictitious Names Act are intended to establish the identity of the persons owing the business for the information of those who have dealings with the business and, thus, those who accept the benefits of a transaction with full knowledge of the true identity of the party are estopped to deny that party's right to sue. Ross v. McMillan, 172 Pa. Super. 298, 93 A.2d 874 (1953).

merous occasions. Where the firm name reasonably identifies the persons operating the business, registration is not required. See, e.g., Walker v. Mason, 272 Pa. 315, 116 Atl. 305 (1922) (a partnership using the name W. and H. Walker which was operated by William Walker and Hay Walker was not an assumed or fictitious name); Mangan v. Schuylkill County, 273 Pa. 310, 116 Atl. 920 (1922) (Mangan and Pugh was not a fictitious name of a business operated by N. A. Mangan and William S. Pugh); Pritz v. Leppo, 47 D.&C.2d 261 (1969) (Pritz Auto Body Service was not a fictitious name of a sole proprietorship conducted by Elsworth G. Pritz, Jr.); and Wise v. Levin, 42 D.&C. 354 (1941) (H. D. Wise & Son Alvin was not a fictitious name of a business operated by H. D. Wise & Alvin Wise). Even where the firm name identifies the persons who operate the business with less specificity, registration under the Fictitious Names Act may not be required. See, e.g., Williams v. Cohick, 1 Lycoming 47 (1949) (Cohicks Meat Market need not be registered because all the partners had the surname Cohick); Bower v. Marcelli, 3 D.&C.3d 787 (1975) (Bower Home Improvement need not be registered because the firm name identified the surname of the partners).

But these cases should not govern a firm name that describes the business as a company. In Alleman v. Lowengart, 63 D.&C. 430 (1948), the court considered whether a business conducted by J. J. Alleman under the firm name J. J. Alleman Electric Company must be registered. The court held that the use of the word "company" in a trade name constitutes a fictitious or assumed name under the Fictitious Names Act. Also see Snaman v. Maginn, 77 Pa. Super. 287, 289 (1921); Godfrey t/a/d/b/a The Godfrey Agency v. Pleuger Submers-

ible Pumps, Inc., 55 Lancaster 295 (1957).[3]

We agree with the holding and rationale of the court in Alleman v. Lowengart, supra. The cases cited above that did not require registration turned on the court's finding that the firm name sufficiently described the actual names of the parties who operated the business. Thus, registration was not required because the registration requirements of the Fictitious Names Act apply only to entities conducting business under an "assumed or fictitious name, style or designation other than the proper name of the entity using such name." 54 Pa.C.S. §302. By using the word "company," an entity that is not a corporation is conducting business under a description other than the proper name of the entity. As the court in Alleman v. Lowengart, supra, quoting from Hagerling Motor Car Co. v. Palmer, 3 D.&C. 650, 651, recognized:

"An individual cannot be a company. This name implies a corporate existence rather than a single individual trading in that capacity. Therefore, it is a pretended and arbitrarily devised name. The word 'company' gives no notice as to who compose [sic] it." 63 D.&C. at 433.

## II

We also sustain the preliminary objections of Richard J. Achter because there can be no recovery on a contract against an agent who signed the contract only on behalf of a disclosed principal. Viso v. Werner, 471 Pa. 42, 369 A.2d 1185, 1187-8 (1977).

---

3. We do not rely upon section 311(b) of the Fictitious Names Act (54 Pa.C.S. §311) which provides that the word "company" may be used in a fictitious name registered under this act, because this section does not indicate whether registration is required whenever a name includes the word "company."

## ORDER OF COURT

On this October 31, 1985, it is hereby ordered that:

(1) the preliminary objections in the nature of a demurrer of Richard J. Achter are sustained and plaintiff's complaint is dismissed as to this defendant; and

(2) the preliminary objections of QSP, Inc., are sustained and this action is stayed as to this defendant until plaintiff establishes that it has complied with the registration provisions of the Fictitious Name Act and has paid a civil penalty of $500.