WILLIAMSON, J.,
This matter comes before us on preliminary objections to plaintiff Lisa Santiago’s complaint filed by defendant Jason Abuiso on January 26, 2015. Defendant Jason Abuiso filed a brief in support of preliminary objections on March 17,2015. Lisa Santiago (hereafter “plaintiff’) filed a brief in opposition to defendant Jason Abuiso’s preliminary objections on April 1,2015.
Background
In the underlying complaint, plaintiff alleges that, at all relevant times, defendant Jason Abuiso operated a 1978 Buick Regal owned by defendant Joseph Robles, with defendant Robles’ permission and consent. On or about December 1, 2007, plaintiff was operating a 2007 Nissan Sentra with the permission and consent of the owner Robert McGrath. While traveling south on State Route 196, plaintiff was stopped in traffic near its intersection with Nittany Court in Mount Pocono, PA. Around 1:06 p.m., defendant Abuiso was traveling behind plaintiff and allegedly rear-ended plaintiff’s vehicle causing numerous injuries and disabilities. Plaintiff alleges that she suffered back and neck injuries from the accident and is seeking in excess of $50,000 total from the two defendants. Plaintiff also included a claim of negligence against defendant Joseph Robles for negligently entrusting his vehicle.
On December 1,2009, plaintiff filed a praecipe for writ of summons in the Monroe County Court of Common Pleas. Monroe County sheriffs attempted to serve defendant Abuiso with process after the writ of summons was received but he was no longer at the address. In January 2010, plaintiff was informed that defendant Abuiso was no longer at that address and service had not been effectuated. *248 In December 2014, plaintiff located defendant Abuiso and served him with process on December 7, 2014. The underlying complaint was filed on December 11, 2014.
Argument
“Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.” Haun v. Community Health Systems, Inc., 14 A.3d 120, 123 (Pa. Super. 2011). Moreover, “preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.” Id. Finally, “if any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.” Id.
In ruling on preliminary objections, “all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true.” Wurth by Wurth v. City of Philadelphia, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The “court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions.” Penn Title Ins, Co. v. Deshler, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).
Defendant Abuiso’s first preliminary objection is in the nature of a motion to dismiss plaintiff’s complaint for lack of jurisdiction, improper service, and failure to conform to law or rule of court pursuant to Pa.RCP. 1028(a)(1) and Pa.RCP. 1028(a)(2). Defendant Abuiso argues that plaintiff has the obligation to serve him with original process on or before the statute of limitations, and if not, then to prove that she made a good-faith effort to serve the original process on defendant Abuiso.
*249 The bar of the statute of limitations is an affirmative defense to be raised as new matter in a responsive pleading, not by means of preliminary objections in the nature of a demurrer. Pa.R.C.P. No. 1030; Lamp v. Heyman, 469 Pa. 465, 470, 366 A.2d 882, 885 (1976). However, plaintiff has not objected to this issue being raised by way of preliminary objections. Cases in Pennsylvania have allowed preliminary objections raising the issue that improper service of a writ of summons has failed to toll the statute of limitations for the filing of a complaint when there has been no procedural objection by the opposing party. Lamp v. Heyman, 469 Pa. 465, 470, 366 A.2d 882, 885 (1976); McCreesh v. City of Philadelphia, 585 Pa. 211, 227, 888 A.2d 664, 674 (2005); Sayne v. Wylie, 296 Pa. Super. 134, 137, 442 A.2d 694, 696 (1981). Furthermore, as the defendant notes in his brief, the failure to serve original process in the manner prescribed by Pa. R.C.P. 401, is a matter that can be raised by preliminary objection.
Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint. Pa. R.C.P. 1028(a)(1).
Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint. Pa.R.C.P. No. 401(a). If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon “reissued” in the case of a writ or “reinstated” in the case *250 of a complaint. Pa.R.C.P. No, 401(b)(1). A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint. Pa.R.C.P. No. 401(b)(2).
In Lamp v. Heyman, the Pennsylvania Supreme Court held that a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotaiy who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff’s office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. Lamp v. Heyman, 469 Pa. 465, 478-79, 366 A.2d 882, 889 (1976).
Here, plaintiff admits that she was informed in January 2010 that the writ of summons had not been successfully served upon defendant Abuiso, and that there were no other attempts to reissue the writ or effect service upon defendant Abuiso until December 2014. In fact, there are no other attempts at service on the docket in this case after the initial attempt at time of filing for the writ of summons (December 1,2009) and filing and service of the complaint *251 in December 2014. Plaintiff waited nearly five years to take further action on the docket after learning that service upon defendant Abuiso was unsuccessful. Five years is an unreasonable amount of time to wait to effectuate service upon defendant Abuiso and that lengthy delay has stalled the legal process which was set in motion by plaintiff. This accident occurred December 1,2007, which was seven (7) years before defendant Abuiso was served in this matter.
In plaintiff’s brief in opposition to defendant Abuiso’s preliminary objections, they cite McCreesh v. City of Philadelphia, a case from the Supreme Court of Pennsylvania. In that case, the plaintiff effectuated service upon the defendant by means of certified mail when the correct means of service was hand delivery by the sheriff or a competent adult. McCreesh v. City of Philadelphia, 585 Pa. 211, 222, 888 A.2d 664, 671 (2005). InMcCreesh, the Supreme Court of Pennsylvania held that “[n] either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice.” Id. at 674. In that case, the plaintiff mailed a copy of the writ to the defendant’s Law Department just days prior to expiration of the statute of limitations period. Three months later, the plaintiff effected proper service on the defendant of a re-issued writ. The court in McCreesh specifically reversed the Commonwealth Court because the “appellant supplied the city with actual notice,” prior to the expiration of the statute of limitations. Id. The court intended to adopt the logic that it would only dismiss those “claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiff’s failure to comply with the Rules of Civil Procedure has prejudiced defendant.” Id.
Unlike in McCreesh, plaintiffs failure to effectuate *252 service upon defendant Abuiso was not because of a technical misstep. Further, there was no actual service or notice of a filing in this case. The plaintiff was informed that the address for defendant Abuiso was incorrect after filing the praecipe for writ of summons. It was never served nor sent to the defendant in an incorrect manner of service. There was not even a letter sent or phone call to the defendant that an action was being commenced on December 1, 2009. The issue in this case is not a technical misstep in the means of service by plaintiff but rather that no service had been effectuated at all because of an incorrect address. There was then a five year delay before plaintiff attempted service a second time. There was no other docket activity in that period of time. Plaintiff indicated in her brief that a diligent search for the defendant Abuiso was conducted, but there was no factual record of those attempts supplied and the docket shows no further attempts through the sheriff’s office. Thus, plaintiff did not satisfy the purpose of the statute of limitations by supplying defendant with actual notice and the five-year delay before a second attempt to serve defendant Abuiso constitutes an intent to stall the legal process which was set in motion. This is consistent with the holding in Englert v. Fazio Mechanical Services, Inc., 932 A.2d 122 (Pa. Super. 2007). Here, the facts of record show that plaintiff failed to establish that they made a good faith effort to accomplish service.
We do not find that dismissal of plaintiff’s action against defendant Abuiso is the draconian result the court in McCreesh wanted to avoid. This case evidences the risks a plaintiff takes when waiting until the last day of the statute of limitations period to issue a writ of summons, and hope that the defendant is able to be located and served in a timely manner. The defendant may have been difficult to find, but plaintiff placed no factual attempts on the record *253 to explain a five-year delay between filing for the writ and obtaining service.[1] Meanwhile, this suit has languished for over seven years after the accident. This is not a prompt resolution in the court system for the parties. We believe the plaintiff’s actions example, and at the very least, infer an intent to stall the judicial machinery. Therefore, we need not address the issue of prejudice to the defendant.
Conclusion
This court grants defendant Abuiso’s first preliminary objection that improper service of the writ of summons did not serve to toll the statute of limitations in this case. Plaintiff was informed in January 2010 that service had not been effectuated upon defendant Abuiso because of an incorrect address, and no further attempts were made until December 2014. This nearly five-year delay between the first and second attempt served to stall in its tracks the legal machinery which plaintiff had set in motion. The improper service in this case was not due to improper method and no actual service was ever timely effectuated upon defendant Abuiso. Therefore, plaintiff has failed to conform to the law or rule of court. Since we are granting defendant Abuiso’s first preliminary objection, the other preliminary objections are deemed moot.
ORDER
And now, this 16th day of April, 2015, upon consideration of the preliminary objections by defendant, Jason Abuiso, to plaintiffs complaint, defendant Abuiso’s preliminary objection based on improper service is granted. The complaint filed in this matter is dismissed as to defendant Abuiso.

. We note the defendant Abuiso was served at an address in Effort, Pennsylvania. This is also in Monroe County, Pennsylvania, just as the initial address plaintiff tried service at in Tobyhanna, Pennsylvania.