467 A.2d 818

**David G. HEISEY, et al.**

v.

**ELIZABETHTOWN AREA SCHOOL DISTRICT, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1983.

Decided Nov. 16, 1983.

572

Michael W. Babic, Lancaster, for appellant.

Michael J. Hohenadel, Lancaster, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION OF THE COURT

PER CURIAM:

The Elizabethtown Area School District appeals from an order of the Commonwealth Court, 67 Pa.Cmwlth. 27, 445 A.2d 1344, reversing an order of the Court of Common Pleas of Lancaster County and invalidating the application of a one-percent school district tax on the cost of construction activity to residential construction. A divided Commonwealth Court deemed the tax "unreasonable" under section 6 of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. § 6906 (1972), on the ground that the tax unduly burdens both new homeowners and prospective residents of the district.

The challenged tax took effect on August 1, 1980, at which time section 2 of the Local Tax Enabling Act authorized school districts and other taxing bodies to impose "such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, and upon the transfer of real property, or of any interest in real property, situate within the political subdivision levying and assessing the tax . . . ." 53 P.S. § 6902. By the Act of July 1, 1981, P.L. 184, § 1, the Legislature amended section 2 to provide that political subdivisions may not "levy, assess or collect a tax on the construction of or improvement to residential dwellings or upon the application for or issuance of permits for the

construction of or improvements to residential dwellings." Section 2 of the Act of July 1, 1981, expressly allowed school districts which had adopted taxes on residential construction to "continue to levy, assess and collect, but not increase, the amount of such tax until June 30, 1982."

As noted by the dissenting members of the Commonwealth Court, the incidence of the tax at issue is markedly similar in both purpose and effect to a tax on the transfer of real property, which is expressly authorized by section 2 of the Local Tax Enabling Act. (Dissenting opinion of Blatt, J., joined by MacPhail, J.) Because of this similarity, and because in section 2 of the Act of July 1, 1981, the Legislature specifically made taxes on residential construction permissible through June 30, 1982, the application of the tax at issue to residential construction should have been declared invalid only as of July 1, 1982.

The order of the Commonwealth Court is vacated and the record is remanded to that court for proceedings consistent with this opinion.