## Demnyan v. Ford Motor Company

*Paul A. Tershel,* for plaintiffs.
*Stephen R. Mlinac,* for defendants.

TERPUTAC, *J.,* March 12, 1986—The instant civil action was instituted by means of a writ of summons in trespass filed by plaintiffs on July 19, 1982. The question before the court is whether the statute of limitations is a bar to the action.

After the writ of summons in trespass was filed, it was issued to plaintiffs' attorney. Neither was the writ delivered to the sheriff's office for service, nor did the attorney for plaintiffs provide the sheriff with any instructions. Upon the retention of new counsel by plaintiffs, new counsel filed a praecipe to reissue the writ of summons on September 17, 1985. As a result, the writ of summons was served on Ford Motor Company on September 24, 1985. A complaint was subsequently filed, averring that the accident out of which the injuries arose occurred on or about July 24, 1980.

The complaint contains averments about negligence, strict liability under section 402A of the Restatement (Second) of Torts, and breach of warranty regarding the purchase and operation of a 1971 Mercury Monterey. In the leading case on the issue of furthering the goal of a speedy and inexpensive

determination of every action, the Supreme Court of Pennsylvania in 1976 rendered its decision in Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976), holding that a plaintiff should refrain from a course of conduct that serves to stall in its tracks the legal machinery which he has set in motion and he should do all that is required of him under local practice to insure that service can be properly effected. In Lamp, the attorney for plaintiffs failed to take any action necessary to effect service after the writ of summons had been filed. Under the principle promulgated by the Supreme Court in Lamp, a plaintiff is required to follow the local rules of practice and to do all that is necessary to make certain that the writ or complaint be delivered to the sheriff for service or to effect service as may be otherwise permitted by law. When plaintiff's attorney fails to effect service through the sheriff or through other means permitted by law, the applicable statute of limitations may bar the action. As to the claims of negligence and strict liability, the two-year statute of limitations applies and those portions of the suit are barred. 42 Pa.C.S. §5524(2). Regarding the breach of warranty claim, whether the plaintiffs are making a third-party claim on breach of warranty or whether they were the original purchasers is immaterial, for the court is of the opinion that on either theory the statute of limitations has expired. In any event, the four-year statute of limitations under the Uniform Commercial Code, 13 Pa.C.S. §2725, would clearly bar the action. Williams v. West Penn Power Company, 502 Pa. 571, 467 A.2d 811 (1983).

## ORDER

And now, this March 12, 1986, it is ordered that the preliminary objections in the nature of a demurrer filed by defendant Ford Motor Company be and

the same are hereby sustained, and the civil action of Rose A. Demnyan and Andrew Demnyan, her husband, is hereby dismissed with prejudice.