## Ksanznak v. First National Leasing

*Edmund J. McCullough,* for plaintiff.
*George A. Spohrer,* for defendants.

PODCASY, *J.,* July 25, 1980—This is an action in

trespass for personal injuries allegedly sustained in an automobile accident which occurred on October 30, 1977.

On February 2, 1978 suit was commenced by the filing of a praecipe for a writ of summons in trespass. Plaintiff's counsel did nothing thereafter to effectuate service of the writ. On October 29, 1979, one day prior to expiration of the two year statute of limitaions, plaintiff's counsel had the writ of summons reissued and delivered the reissued writ to the sheriff for service on defendants. Service was thereafter effected on November 13, 1979 and November 15, 1979, by the deputized sheriff on Adams County, and the sheriff's return of service was filed on November 20, 1979.

On December 17, 1979 a rule was entered against plaintiff, pursuant to defendants' praecipe, to file a complaint within 20 days or suffer a judgment of non pros. Thereafter, on January 10, 1980, a complaint in trespass was duly filed.

On February 12, 1980 defendants filed alternative motions for judgment on the pleadings and for summary judgment on the whole record, setting forth in support of each motion the contention that the action had been barred by the statute of limitations due to plaintiff's failure to effectuate service of the original writ of summons within thirty days of February 2, 1978 (the date of its issuance), and a rule was entered against plaintiff to show cause why judgment should not be entered against her, with argument to be held sec. leg. et sec. reg.

On March 5, 1980 plaintiff filed preliminary objections to defendants' alternative motions, contending that the motions were an improper means for raising the issue of the bar of the statute of limitations, and praying that judgment be entered against defendants on the issue of liability because

of defendants' failure to file an answer to plaintiff's complaint. Thereafter, on March 31, 1980, plaintiff proceeded to file an answer to defendants' alternative motions, contending that defendants' allegations to the effect that plaintiff had engaged in conduct designed to delay notice of suit were "reckless falsehoods" and that defendants' motions had been interposed for the sole purpose of delay. Plaintiff's answer prays that she be awarded reasonable attorney fees and expenses in connection with her response to defendants' motions, pursuant to Pa.R.C.P. 1035(f), on the ground that said motions were presented in bad faith and solely for the purpose of delay.

Clearly defendants' motions for judgment on the pleadings or for summary judgment are improper procedural methods for raising the defense of a waivable statute of limitations. The bar of a waivable statute of limitations, such as the two year statute applicable to personal injury cases, is an affirmative defense which is properly raised by new matter contained in an answer to a complaint in trespass.

Admittedly there is normally no need to file an answer to a complaint in trespass where defendant does not wish to question the averments regarding identity, agency, employment, possession or control, for all other averments are deemed to be denied: Pa.R.C.P. 1045(a). However, if a defendant wishes to plead an affirmative defense such as the bar of the statute of limitations, the proper procedure is to file an answer admitting all averments of identity, agency, employment, possession, and control, and stating that all other averments are deemed to be denied without the necessity of responsive pleading, to which averments of fact in reference to the defense of the statute of limitations

may be added under the heading "New Matter," pursuant to Pa.R.C.P. 1045(b): Lamp v. Heyman, 469 Pa. 465, 366 A. 2d 882 (1976). File papers and docket entries are not part of the pleadings as defined by Pa.R.C.P. 1017(a) and therefore cannot be considered on a motion for judgment on the pleadings filed pursuant to Pa.R.C.P. 1034: Goldman v. McShain, 432 Pa. 61, 247 A. 2d 455 (1968). Nor are such documents or docket entries, depositions, answers to interrogatories, admissions on file, or supporting affidavits such as may be considered on a motion for summary judgment under Pa.R.C.P. 1035(a).

Just as defendants' alternative motions are improper pleadings in which to raise the issue of the statute of limitations, the preliminary objections and answer to defendants' motions are improper and superfluous: Yerger v. Brandt, 58 D. & C. 2d 275, 14 Lebanon 168, (1972); Petrasko v. Fellin, 62 D. & C. 2d 122 (1972). Nowhere in the rules of civil procedure is there any rule authorizing the filing of preliminary objections or answers to such motions.

We know that, despite the procedural deficiencies, the parties are anxious to have the issue of the statute of limitations resolved, and we shall therefore disregard the procedural deficiencies and decide the issue on the merits pursuant to the discretion conferred upon us by Pa.R.C.P. 126.

The substance of defendants' argument is that the holding of our Supreme Court in Lamp v. Heyman, supra, is controlling and requires us to dismiss plaintiff's action. We disagree.

Lamp v. Heyman was a case in which plaintiff intentionally withheld service of the original summons until the statute of limitations expired and then had the writ reissued and served. Defendant had no notice that suit had been commenced until

after the statutory period had expired. The court held such procedure effective to toll the statute under its own prior case law interpreting Pa.R.C.P. 1007, but, recognizing the abuses that could arise therefrom and the inadequacy of the remedy of non pros proceedings, also held that, in all cases instituted after the date of its decision (November 24, 1976), the filing of a praecipe for summons would be held to have lost its effectiveness as a means of commencing suit if the plaintiff thereafter acted in such a manner as to "stall in its tracks" the legal machinery thus set in motion by in any way interfering with prompt service of the writ.

The Lamp v. Heyman holding applies to this action, which was initially commenced by the filing of a praecipe for summons on February 2, 1978, and its application requires the conclusion that the failure of plaintiff's counsel to promptly deliver the original writ to the sheriff for service rendered the filing of the original praecipe ineffective for the purposes of commencing suit. Lamp v. Heyman did *not* hold that such action rendered the original writ a nullity for all purposes. It was still a writ which could be reissued within the original period of the statute of limitations, upon the filing of an appropriate praecipe pursuant to Pa.R.C.P. 1010(a). Such reissuance was effectuated in this instance on October 29, 1979, one day prior to expiration of the original two year period of the statute of limitations and plaintiff's counsel delivered the reissued writ to the sheriff that same day for service on defendant. In our judgment, the filing of the praecipe for reissuance was sufficient to commence the action within the period allowed by the statute.

Both the principal opinion and the two dissenting opinions in the Lamp case lay emphasis on the in-

justice of delaying service so as to prevent a defendant from having notice that suit had been commenced by the filing of a praceipe for summons. In this case, the exhibits attached to plaintiff's "Answer" to defendants' motions indicate that defendant Dick was notified by letter dated February 2, 1978 that suit had been commenced, and that he apparently notified his liability carrier shortly thereafter. Consideration of such factors is not, in our opinion, critical to our decision, but they do indicate clearly that there was no effort by plaintiff's counsel to withhold from defendant Dick notice of the fact that a praecipe for summons had been filed. Had Dick wished to expedite the proceedings, he could have filed an acceptance of service of the writ of summons pursuant to Pa.R.C.P. 1011 and could thereafter have entered a rule against plaintiff to file a complaint within 20 days or suffer a judgment of non pros. Thus, once plaintiff's counsel had notified Dick of the commencement of suit, plaintiff no longer had retained exclusive control of his cause of action.

Pa.R.C.P. 1035(f) empowers us to assess costs and reasonable counsel fees against a party who presents affidavits in support of a motion for summary judgment in bad faith or solely for the purpose of delay, and plaintiff has prayed that the power be exercised. We feel, however, that this is not an appropriate case for imposition of such costs and counsel fees, inasmuch as no affidavits have been presented pursuant to Rule 1035 and inasmuch as we are not satisfied that defendants have acted in bad faith or solely for the purpose of delay.

For the reasons stated, we enter the following

## ORDER

It is ordered, adjudged and decreed as follows:

(1) Defendants' motion for judgment on the pleadings is hereby dismissed;

(2) Defendants' motion for summary judgment is hereby dismissed;

(3) Plaintiff's preliminary objections to defendants' said motions are hereby dismissed;

(4) We hold that plaintiff's cause of action has not been barred by the statute of limitations;

(5) The pleadings are hereby adjudged to have been closed by reason of defendants' filing of the above motions; and

(6) The prothonotary of Luzerne County is hereby directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.