J-S61012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J. THOMAS GRABLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CRAIG PHILLIPS D/B/A PHILLIPS CONSTRUCTION AND SCOTT PHILLIPS | |
| | No. 1863 WDA 2015 |

Appeal from the Order October 26, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-2165

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:         **FILED SEPTEMBER 28, 2016**

Appellant, J. Thomas Grable, appeals from the order granting summary judgment to Appellee, Scott Phillips, based upon a finding that Grable had not provided actual notice of the institution of legal proceedings to Phillips. Grable argues that the trial court abused its discretion in finding a lack of actual notice when Phillips has never disputed actual notice, either in pleadings or in argument. After careful review, we agree with Grable that the trial court abused its discretion. We vacate and remand for further proceedings.

The procedural history necessary to resolve this appeal is extensive. Grable initially filed a writ of summons on April 13, 2012, naming Phillips and his half-brother, Craig Phillips, as defendants in a civil action. Pursuant

to instructions from Grable, the Washington County Sheriff's Office served the writ on Craig Phillips, personally, at 340 Varner Lane, a property owned by Craig. The sheriff's return of service indicated that it had served Scott Phillips by personally handing a copy to Craig Phillips. The return of service indicates that 340 Varner Lane was the home of Scott Phillips, even though the instructions provided by Grable did not identify 340 Varner Lane as such.

Shortly thereafter, Grable filed a complaint alleging that Craig and Scott Phillips had broken down the front door of his residence and physically assaulted him. Craig filed an answer and new matter, and indicated that Scott had never resided at 340 Varner Lane. Grable subsequently mailed the complaint to Scott at an address of 1102 Overlook Drive *via* certified mail, return receipt requested, and first class mail.

The complaint sent by certified mail was returned as unclaimed. The complaint sent by first class mail was not returned. Grable then entered a default judgment against Scott. In his praecipe for default judgment, Grable conceded that the judgment concerned only liability, and that damages would be assessed after litigation.

Grable litigated his claims against Scott and Craig before a board of arbitrators. The arbitrators returned a verdict of $2,500 against Scott. Grable appealed the award to the Court of Common Pleas.

In furtherance of this appeal, Grable filed an amended complaint asserting a new theory of joint liability. In the affidavit of service, Grable

asserted that he had served Scott *via* first class mail at 1102 Overlook Drive. On August 8, 2013, Grable entered default judgment against Scott Phillips, asserting that he had served notice of his intent to enter default judgment to Scott *via* first class mail to 1102 Overlook Drive.

After a non-binding mini-jury trial, Grable and Craig Phillips settled Grable's claims against Craig. The case proceeded to a damages hearing against Scott, which resulted in a verdict against Scott of $6,177.32. Grable then praeciped to enter judgment on the verdict on July 8, 2014. He served notice of this praecipe on Scott *via* first class mail at 385 Taylor Avenue.

On October 7, 2014, Scott, through the same law firm utilized by Craig in this litigation, filed a petition to strike the default judgment. In this petition, he alleged that he had never resided at 340 Varner Lane, and further, that he had never been served notice of the litigation pursuant to Pa.R.C.P. 402. The trial court subsequently struck the default judgment on December 24, 2014.

After the judgment was struck, Scott's counsel declined to accept service on Scott's behalf. Grable employed the Washington County Sheriff's Office to secure service, but after nine attempts at service failed, Grable moved for permission to effect alternative service. The trial court granted the request, and on April 9, 2015, Grable mailed, *via* certified and first class mail, two copies of the original writ of summons to Scott at 385 Taylor Avenue. The copy sent through certified mail was returned as "unclaimed"

on May 4, 2015. However, the copy sent by first class mail was not returned. The next day Grable filed a return of service and proceeded to mail the amended complaint to Scott's counsel.

Eleven days later, Scott filed an answer and new matter, raising the statute of limitations as a defense. In his answer, Scott admitted that his current address was 385 Taylor Avenue.

Shortly thereafter, Scott filed a motion for summary judgment asserting that Grable had "never properly served … Scott Phillips." Defendant's Motion for Summary Judgment, 7/16/15, at ¶ 2. As result, Scott moved for relief under the statute of limitations.[1] The trial court granted summary judgment, noting that it "need not reach the issue of whether Grable's attempts to secure service were in good-faith, we hold that Grable's claim is time-barred … because Grable did not supply [Scott] actual notice of the suit until well after the expiration of the limitation period." This timely appeal followed.

On appeal, Grable argues that the trial court erred in granting summary judgment. We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

_____

[1] Grable concedes that the applicable statute of limitations for his claims against Scott is two years.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

The trial court premised its decision upon its finding that Grable had not met his duty to initiate the case within the two years of the tortious conduct. The amended complaint identifies April 14, 2010, as the operative date for the start of the limitations period. Thus, Grable was required to file either a writ of summons or a complaint by April 14, 2012 to satisfy the statute.

It is undisputed that Grable filed a writ of summons on April 13, 2012, satisfying the statute. In order to perfect jurisdiction, however, our Rules of Civil Procedure require a plaintiff to serve opposing parties with initial process within thirty days of filing. *See* Pa.R.C.P. 401(a).

In Washington County, original service must be made through the services of a sheriff. *See* Pa.R.C.P. 400(a). It is undisputed that Grable

utilized the services of the Washington County Sheriff's Office in seeking service of the writ of summons on Scott and Craig as required by Rule 400(a). Furthermore, it is undisputed that service was successfully effected upon Craig.

The dispute centers on the effect of the sheriff's return of service for the writ of summons on Scott. In *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), our Supreme Court held that a writ of summons remains effective to commence an action, and thereby toll the statute of limitations, "if the plaintiff ... refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id*. at 889.

Thereafter, the Court held that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." *Farinacci v. Blair County Ind. Dev. Auth.*, 511 A.2d 757, 759 (Pa. 1986). The Supreme Court clarified what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich [v. Franklin*, 575 A.2d 914 (Pa. Super. 1990), *appeal denied*, 584 A.2d 319 (Pa. 1990)] line of cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

***McCreesh v. City of Philadelphia***, 888 A.2d 664, 674 (Pa. 2005) (footnote omitted). The determination of "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." ***Id***., at 672.

The return indicated that the sheriff personally handed a copy of the writ of summons to Craig, noting that 340 Varner Lane was Scott's residence. Nothing of record establishes how the sheriff came to believe that Scott resided at 340 Varner Lane.

In his motion for summary judgment, Scott simply alleged that "[w]ith proper service being effectuated over five years after the alleged assault, [Scott] asserts that service was not completed within a reasonable period of time and the statute of limitations has expired." Defendant's Motion for Summary Judgment, 7/16/15, at ¶ 10. The motion referenced neither actual notice nor good faith effort.

In his brief in support of the motion, Scott did not explicitly argue that he did not have actual notice of the initiation of the suit. In fact, he conceded that Craig's counsel "notified them [Craig and Scott] immediately that service by the Sheriff on Scott's brother Craig at Craig's residence was not proper service on Scott because he did not live there or work for his brother, Craig." Brief in Support of Defendant's Motion for Summary Judgment, 9/14/15, at 8. Scott's argument focused on whether Grable had made a good faith effort to effect service in a timely manner. Despite this, the trial court held that it "need not reach the issue of whether Grable's

attempts to secure service were in good-faith, we hold that Grable's claim is time-barred … because Grable did not supply [Scott with] actual notice of the suit until well after the expiration of the limitation period." Trial Court Opinion, 10/26/15, at 6.

We conclude that this reasoning constitutes an abuse of the trial court's wide discretion in this matter. As Grable notes on appeal, Pennsylvania law discourages courts from granting summary judgment on an issue that the court raised *sua sponte*. **See Yount v. Pennsylvania Department of Corrections**, 966 A.2d 1115, 1118-1119 (Pa. 2009). This policy is

> grounded in a concern that trial courts should not act as the defendant's advocate. For a trial court to raise an argument *sua sponte* and grant summary judgment thereon risks depriving the court the benefit of advocacy on the issue, and depriving the parties the opportunity to be heard.

**See id**., at 1119.

Here, the trial court not only raised the issue *sua sponte*, but raised an issue that the defendant had *conceded* in his brief to the trial court. While the trial court has wide discretion under **McCreesh** in making factual findings, the discretion does not extend so far as to contradict facts that the parties themselves do not dispute. The trial court's finding that Scott did not have actual notice of the initiation of proceedings is contrary to the positions taken by the parties themselves. We are therefore constrained to vacate the order granting summary judgment.

At this point, it is necessary for the trial court to address the issue actually raised by Scott in his motion for summary judgment: whether Grable made a good-faith effort to secure timely service. As noted above, this determination lies within the discretion of the trial court. We therefore remand this case to the trial court for further proceedings consistent with this memorandum.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/28/2016