J-A18017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FERNANDO MELENDEZ, AS ADMINISTRATOR OF THE ESTATE OF DAMARIS REYES, DECEASED : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant : : : | |
| v. : : | No. 1496 MDA 2015 |
| : : | |
| THE GOOD SAMARITAN HOSPITAL : OF LEBANON, PENNSYLVANIA; : LEBANON EMERGENCY PHYSICIANS; : THE GOOD SAMARITAN HOSPITAL : | |

Appeal from the Order Entered August 3, 2015
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2014-01221

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED MAY 08, 2017**

Appellant's failure to properly commence the instant wrongful death/survival action by effectuating service prior to the expiration of the statute of limitations should not be excused or characterized as a "good faith effort." Thus, although the esteemed Majority has offered a thoughtful analysis, I respectfully dissent.

When considering a case where service is delayed beyond the statute of limitations, our courts have read a "good faith" requirement in Pa.R.C.P.

_____

[*] Former Justice specially assigned to the Superior Court.

401, which governs the service of original process. **See Lamp v. Heyman**, 469 Pa. 465, 366 A.2d 882, 889 (1976). What constitutes a "good faith" effort to serve legal process is a matter to be assessed on a case by case basis. **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 796 (Pa.Super. 1999). The determination of a good faith effort lies within the discretion of the trial court. **See McCreesh v. City of Philadelphia**, 585 Pa. 211, 888 A.2d 664 (2005). Simple neglect and mistake, or conduct that is unintentional that works to delay the defendant's notice of the action, may constitute a lack of good faith on the part of the plaintiff. **See Englert v. Fazio Mechanical Services**, 932 A.2d 122, 124-25 (Pa.Super. 2007). It is unnecessary for the plaintiff's conduct to constitute bad faith or an overt attempt to delay before **Lamp** will apply. **Id.** "Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." **Booher v. Olczak**, 797 A.2d 342, 345 (Pa.Super. 2002). Further, it is the plaintiff's burden to demonstrate that his efforts at service were reasonable. **See Bigansky v. Thomas Jefferson Univ. Hosp.**, 658 A.2d 423, 433 (Pa.Super. 1995).

Appellant, who was the plaintiff below, failed to demonstrate that his efforts at service were reasonable. As the trial court determined, on July 3, 2014, Appellant's counsel filed a complaint; however, the complaint was returned to counsel's office on the same day for reasons unknown. Although the trial court's docket entries contain a notation entered on July 3, 2014,

indicating the complaint had been returned, Appellant's counsel proffers that he "discovered" the error on August 6, 2014, at which time he reinstated the complaint. The sheriff then effectuated service on August 11, 2014, which was beyond the statute of limitations.

In explaining why the complaint was initially returned to his office, Appellant's counsel avers that one of his staff members may have mistakenly attempted service via a private process service, and the staff member then left his employment during the time period that counsel believed service was being attempted.

Contrary to the Majority's conclusion, I find that Appellant did not meet his burden of demonstrating a good faith effort in effectuating service. Counsel is ultimately responsible for deadlines and must adequately supervise his staff. Moreover, a review of the trial court's docket entries at a reasonable time and in a reasonable manner would have revealed to counsel that Appellant's complaint had been returned to his office on July 3, 2014.

Consequently, the trial court did not abuse its discretion in finding a lack of good faith. As I would affirm the trial court's grant of the motion for judgment of the pleadings in favor of Appellee, I respectfully dissent.